[No. 8,160.—In Bank.]
March 14, 1882.

REAL ESTATE ASSOCIATES *v.* SUPERIOR COURT
OF THE CITY AND COUNTY OF SAN FRAN-
CISCO.

APPOINTMENT OF RECEIVER IN INSOLVENCY PROCEEDINGS—EX PARTE ORDER
—POWER OF JUDGE AT CHAMBERS.—A receiver may be appointed in an
insolvency proceeding (as well as in ordinary cases) by the Judge at
Chambers upon an *ex parte* application.

APPLICATION for writ of *certiorari.*

*Wm. H. Fifield* and *J. E. McElrath,* for Applicant.

The order appointing a receiver is absolutely void, because
made by the Judge at Chambers.

The Superior Court, although a Court of general jurisdic-
tion, is nevertheless a Court of inferior and limited jurisdic-
tion, when proceeding under the Insolvent Act of 1880, not
according to the course of common law or chancery proce-
dure. (*Galpin* v. *Page,* 18 Wall. 370, 671; *Cohen* v. *Barrett,*
5 Cal. 196; *Meyer* v. *Coleman,* 8 Id. 46; *Pulaski County* v.
*Stuart,* 28 Gratt. Va. 872; *Morse* v. *Presley,* 5 Fost. (N. H.)
299.)

The result is, that the Superior Court must follow the pro-
visions of the statute, and that the whole proceeding is *stricti
juris.*

Turning to the Insolvent Act of 1880 (Stat. 1880, p. 316),
we find an Act containing sixty-eight elaborate sections, in
which, I believe, the word "Judge" is never used.

All the leading powers, without exception, are conferred
upon the Court, and not upon the Judge.

This is the most convincing proof that the Legislature *ex
industria* intended to confer those powers upon the Court,
which, under the Constitution, may be in constant session,
without Terms, and not upon the Judge out of Court.
Where the same word is repeatedly used in a statute, the
same uniform meaning will be attached to it. (*Est. of Mc-
Causland,* 52 Cal. 568.)

Again, it is claimed that the grant of power contained in

Section 63 is enlarged by the general laws. If this be so, then we ask by what particular section of the general laws? Counsel refer us to Section 564, C. C. Pr. But we refer him in turn to Sections 565, 566, C. C. Pr.

The reference in Section 63 (Insolvent Law) is to the "general laws"—to all of them, and not to a part.

Now, while Section 564, C. C. Pr., says that a receiver may, in certain cases, be appointed by the Court or Judge, Section 565 says, that in a certain other case the *Court* alone may appoint; and Section 566 says, in effect, that an *ex parte* appointment can only be made by the *Court*, and there is no provision any where for an *ex parte* appointment by the *Judge*.

The distinction between the Court and the Judge at chambers, is well settled, and the undisputed rule is that all judicial proceedings must take place in Court, and that no action at chambers is valid unless expressly authorized by statute. (*Newman* v. *Hammond*, 46 Ind. 119; *Ferger* v. *Wesler*, 35 id. 53; *Ex parte Smith*, 23 Ala. 94–114; *Cummings* v. *Des Moines, etc. R. R. Co.*, 36 Iowa, 173; *United States ex rel. Boyd* v. *Lockwood*, 1 Pinney (Wis.) 359; *Bennett* v. *Cooper*, 57 Barb. 642; *Parks* v. *Sprinkle*, 64 N. C. 637; *Mann* v. *Tyler*, 6 How. Pr. 235; *Bangs, Receiver etc.*, v. *Selden*, 13 id. 375; *Cayuga Bank* v. *Warfield*, 13 id. 439; *Gardner* v. *The Com. of Warren*, 10 id. 181; *Re Walker*, 2 Duer, 655; *Van Schaick* v. *Winne*, 8 How. Pr. 5; *Mather's Case*, 14 Abb. Pr. 45; *Aymar* v. *Chace*, 12 Barb. 301; *Ex parte Gay*, 20 La. Ann. 176; *Loomis* v. *Andrews*, 49 Cal. 239; *Bond* v. *Pacheco*, 30 id. 531; *Larco* v. *Cosaneuva*, 30 id. 565; *Brennan* v. *Gaston*, 17 id. 375; *Haegler* v. *Henckell*, 27 id. 491–2; *Norwood* v. *Kentfield*, 34 id. 330; *Bennett* v. *Southard*, 35 id. 691; *Livermore* v. *Hodgkins*, 54 id. 637; *Wicks* v. *Ludwig*, 9 id. 175.)

This same distinction runs through the C. C. Pr. a few sections of which we cite: §§ 73, 74, 124, 133, 134, 135, 139, 140, 142, 143, 166, 176, 564, 565, 480, 525, 556, 554, 555. These citations could be extended *ad libitum*.

No warrant can be found for the order made at chambers in Section 166, C. C. Pr., which prescribes what a Judge may do at chambers. That section provides that a Judge at chambers may "grant all orders and writs which are usually

granted in the first instance upon an *ex parte* application," etc.

The cases cited from our own reports show that the order here in question does not fall within that section. And Section 566, C. C. Pr., show that no *ex parte* appointment of a receiver can be made by a Judge.

In addition, the established practice in chancery was, and is, not to appoint a receiver except upon notice and after a hearing.

The only exception was where the defendant was about to depart from the jurisdiction or there was extreme danger that the subject-matter would escape from the Court; and in that case all the facts showing that notice ought not to be required had to be fully and specifically set forth in the bill of complaint so that the Chancellor could act upon them judicially, and no general allegations would answer. (*Bisson* v. *Curry*, 35 Iowa, 72–80: *French* v. *Gifford*, 30 id. 160–1; *Whitehead* v. *Wooton*, 43 Miss. 523; *Bostwick* v. *Isbell*, 41 Conn. 305; *State* v. *The J. P. & M. R. R. Co.*, 15 Fla. 281–2.)

*Saffold & Meux* and *John J. Roche*, for Respondents.

It is not denied that the power existed to make the appointment, but it is insisted that the order complained of is void because made by the Judge at chambers. We have shown that by the fundamental law of the land the Court was open on that day for the transaction of business. That the Judge of the Court sat in a side room, and not upon the elevated seat ordinarily occupied by him when hearing the cause, makes no difference; the act was that of the Court. (*Brewster* v. *Ludekins*, 19 Cal. 170.)

It is true that the word Judge is not used in the act; and counsel claim, therefore, that the Court can do no insolvency business at Chambers.

We do not so interpret the meaning and intent of the Legislature; we do not think it was intended that these customary powers, exercised by chancellors and judges of bankrupt and insolvency courts, both State and Federal, from time immemorial, were intended to be lopped off or changed. We think it is clearly indicated that the Legislature, knowing

that the Court was to be always open, intended and meant that the act of the Judge was but the act of the Court.

The truth is, that in the Insolvency Act the words Court and Judge are convertible terms. (*Brewster* v. *Ludekins*, 19 Cal. 170.)

The action of the Judge at Chambers is none the less the action of the Court. The acts in his official capacity and a judgment rendered at Chambers is the judgment of the Court, and is appealable. (*Brewster* v. *Hartley*, 37 Cal. 23; *Bennett* v. *Wallace*, 43 id. 25.)

But in order to set at rest any question about what was intended, when application should be made for the appointment of a receiver, which very often must be done hurriedly, in order to take the property from unscrupulous and dishonest debtors, the Legislature referred to the general statutes on the subject. This certainly must mean something. Counsel try to fritter it away; but this can not be done; a familiar maxim is *ut res magis valeat quam pereat*. It was intended that the general laws of the State governing the *appointment*, qualification and powers of receivers, should govern in cases of insolvency. (Act 1880, § 63, Subd. § 2; Code Civ. Proc. § 564 *et seq.*)

Where the statute authorizes proceedings against an insolvent corporation, for the purpose of winding up its affairs in insolvency, it is one of the usual and ordinary powers of a Court of Equity to appoint a receiver to take charge of its assets, and when their management is in the hands of dishonest officers the Court can exercise no discretion in the matter. (High on Receivers, § 343–347; *Nichols* v. *Perry Pat. Arm Co.*, 3 Stock. 126; Story's Eq. Jur., §§ 829–839; Dan'l Choy Pl. and Pr., 1715 *et seq.; State* v. *Northern Cent. R. R.*, 18 Md. 193; *Tripp* v. *Chard Railway*, 21 Eng. L. & Eq. 53.)

If, then, this is a case where Courts of Equity, possessing the power to do so, would ordinarily appoint a receiver, it falls directly within the provisions of Subd. Sec. 2 of Section 63 of the Insolvent Act. (*Goodale* v. *Fifteenth Dist. Ct.*, 56 Cal. 26.)

Here we can only consider whether the Court had, upon any state of facts, jurisdiction to make the appointment at

Chambers. (*Ex parte Cohen*, 5 Cal. 495; *Goodale* v. *Fifteenth Dist. Ct.*, 56 id. 26.)

The COURT:

The Real Estate and Building Associates, on petition, obtained from this Court an order that the Superior Court, in and for the City and County of San Francisco, Department Ten, and Hon. Charles Halsey, judge thereof, show cause why a writ of review should not issue, to review certain proceedings had before said Judge concerning the appointment of a receiver. The respondent objected to the granting of the writ, such objection being in the nature of a demurrer to the petition.

Section 63 of the Insolvent Act of 1880 says: "A receiver may be appointed by the Court," etc. It is claimed that this language limits the appointment to the *Court* when in session as such, and that the judge in chambers can not make the appointment. The latter part of the section provides that the *appointment*, etc., shall in all respects be regulated by the general laws applicable to receivers. Section 564, C. C. P. (which is a portion of the general laws applicable to receivers), provides that a receiver may be appointed by the Court or the Judge thereof, and Section 566 recognizes the appointment of a receiver upon an *ex parte* application. Section 166, C. C. P., authorizes a Judge of a Superior Court to grant, *at chambers*, all orders and writs which are usually granted in the first instance upon an *ex parte* application, and to hear and dispose of such orders and writs. Regarding these various sections together, we are of opinion that the Judge may, in an insolvency proceeding, *ex parte*, and at chambers, appoint a receiver.

It does not appear from the petition in this case, whether the order appointing a receiver was made with or without notice; nor does it appear but that the Court was fully justified in directing its officer to take possession of the property named, for the purpose of holding it until an adjudication should be had. This writ goes only in cases of *excess of jurisdiction*. It may be that the allegations of the petition for the appointment of the receiver showed a case in which

it was eminently proper that the hand of the law, by a receiver, should be interposed.

The objections of the respondent are sustained, the order to show cause is discharged, and the order staying proceedings in the lower Court is revoked.

MCKINSTRY, J., dissented.

ROSS, J., expressed no opinion.