## BENJAMIN W. SHAW v. MARY G. SHAW.

### Decided May 16, 1908.

**1.—Husband and Wife—Receivership—Injunction.**

A receivership is not a purely equitable remedy under the laws of this State. In certain cases the right is given by statute, and in such cases it is a legal right and may be exercised even though the party has a remedy by sequestration. The remedy by sequestration is not exclusive. Where the remedy by sequestration or injunction is not as full and complete as that furnished by the appointment of a receiver, the courts have authority ‚to make such appointment.

**2.—Same—Case Stated.**

In a suit by a wife against her husband for a judgment fixing her separate interest in certain property and for divorce, pleading considered, and held sufficient to warrant the trial court in appointing a receiver of the property in controversy.

**3.—Receiver—Appointment—Pleadings.**

The fact that the defendant denies under oath all the allegations of the plaintiff in an application for a receiver is not always sufficient to prevent the appointment. Where the record showed that the defendant had disregarded orders of the court previously made in the case, the court was authorized to appoint a receiver solely upon the affidavit of the plaintiff, notwithstanding the defendant denied under oath the allegations of plaintiff's petition.

**4.—Same—Discharge—Contracts by Receiver.**

Where rental contracts have been made by a receiver under orders of the court they should be respected and protected upon surrender of the property in controversy to the defendant in the suit upon supersedeas bond pending an appeal.

**5.—Receivership—Cost.**

When a receiver is discharged upon request of the party at whose instance he was appointed, the cost of the receivership should be charged against the party securing the appointment.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Meek, Highsmith & Warren,* for appellant.—In an action for divorce by the wife against her husband, wherein the wife claims all the property, both real and personal, as her separate estate, it is error for the court to appoint a receiver, because she has an adequate remedy at law, the statute governing divorce giving her a remedy by sequestration (art. 4864) and by injunction (art. 2934). Revised Statutes, arts. 2983, 2984, 2985, 4864; Ryan v. Ryan, 61 Texas, 473; City Nat. Bank v. Dunham, 18 Texas Civ. App., 187; Dority v. Dority, 96 Texas, 215; Holloway v. Shuttles, 51 S. W., 296; Moore v. Moore, 73 Texas, 382; Wright v. Wright, 3 Texas, 168; Cahn v. Johnson, 12 Texas Civ. App., 308; Smith on Rec., 32, 43, 44; High on Rec., secs. 741, 10, 592; Beach on Rec., art. 48.

In a petition for a divorce by the wife against the husband, where the petition and answer discloses that the plaintiff and defendant own real property in common, and that there is a community estate of personal property much less than property owned by the plaintiff and de-

fendant, which is in the hands of the defendant, and the defendant is restrained from disposing of the real property, it is error to appoint a receiver to take charge of the personal property as well as the real estate. Tucker v. Carr, 39 Texas, 103; Hatchett v. Conner, 30 Texas, 110; Higgins v. Johnson, 20 Texas, 389; Story v. Marshall, 24 Texas, 308; Conley v. Nailor, 118 U. S., 127-135; Riley v. Wilson, 86 Texas, 240; Spear on Married Women, sec. 86, 87.

Every allegation of the plaintiff's petition was denied, specifically, by the defendant's answer, duly verified. City Nat. Bank v. Dunham, 18 Texas Civ. App., 187; Smith on Receivership, p. 12; Beach on Rec., art. 48; High on Rec., art. 24.

*Vasmer & Briant,* for appellee.—When the property involved in the suit consists of a plantation and the growing crops thereon, and a mercantile and saloon business, the value of which is largely dependent upon its continuance to supply its trade and patronage; and when it is reasonably apparent that said property is likely to be wasted, destroyed or greatly depreciated by keeping the same in the hands of the sheriff, if taken by such officer under a writ of sequestration; and when it further appears that the defendant threatens to, and is about to dispose of, despoil and waste said property, to the irreparable injury of plaintiff, and when, under these circumstances, it is further shown that the injunction previously granted has been disregarded by the defendant, and such restraining order has proven ineffectual to prevent the wrongful disposition by him of the property pending the litigation; it is not error to appoint a receiver in order that the property may not be further despoiled, dissipated and converted; and in such a state of facts, the statute provides no adequate legal remedy. Cotton v. Rand, 92 S. W., 266; Stone v. Stone, 43 S. W., 568; Fitts v. Fitts, 14 Texas, 443; Carter v. Carter, 40 S. W., 1030; Rice v. Rice, 21 Texas, 66; DeBerrera v. Frost, 77 S. W., 639; Merrell v. Moore, 104 S. W., 517; Smith on Receivers, sec. 15, subdiv. (a), (b) and (f).

If the receiver was legally appointed, then all rental and other contracts made by the receiver, within the scope of his powers as such, and before the filing of the supersedeas, are valid and binding; and as, during the period intervening between the appointment and the filing of the supersedeas, the receiver, if legally appointed in the first place, was entitled to compensation for his services and reimbursement for his expenditures, so much as may be necessary for such compensation and reimbursement should be considered as any contractual obligation incurred during said interval. Carter v. Carter, 40 S. W., 1030; People's Cem. Assn. v. Oakland Cem. Co., 24 Texas Civ. App., 668; Smith on Receivers, sec. 36, p. 104; Smith on Receivers, sec. 32, p. 94.

PLEASANTS, Chief Justice.—On November 11, 1907, appellee filed suit against her husband, B. W. Shaw, appellant herein, for the purpose of obtaining a judgment fixing her separate interest in certain property described in her petition. In response to the prayer of said petition the trial court enjoined the defendant from further control and management of the property and appointed a receiver to take charge and management thereof pending the final disposition of the suit. From

the order appointing said receiver, which was made on December 23, 1907, the defendant appealed to this court and upon a hearing of said appeal on March 28, 1908, the judgment of the trial court was affirmed. Pending that appeal the plaintiff in the court below on January 20, 1908, filed an amended petition alleging facts which if true entitle her to a divorce from the defendant and praying that she be granted such divorce. This amendment describes real and personal property which it is alleged is the separate property of plaintiff, a large portion of said property consisting of a plantation in Fort Bend County, and a stock of goods in a store and saloon situated on said plantation. The amendment closes with the following allegations and prayer:

"And plaintiff further shows unto the court that the receiver now acting herein, under appointment of this honorable court, was appointed at the instance and upon the representation of plaintiff, for the purposes and upon the grounds alleged in plaintiff's said original petition; that the cause of action herein alleged and the facts herein set up are different, in substance and in legal effect, from those set forth in said original petition; that the original pleadings, under which said receiver was appointed, and the affidavits in support thereof, have been destroyed by fire, and that exact and accurate copies of the same and the contents thereof can not be produced; wherefore plaintiff prays that the receiver herein heretofore appointed be discharged and said receivership vacated, in such manner and at such time as to the court may seem for the best interest of the property involved in this suit.

"And plaintiff further shows that, because of defendant Shaw's disregard for such injunction and restraining orders as the court has heretofore issued, and because of the probability of his carrying into execution his said threats to sell and dispose of said property, as aforesaid, as he has already done concerning some of the said property, as before described; and as it is necessary and proper for the preservation and protection of said property that some competent person be placed in charge and control thereof, plaintiff prays that a receiver be herein appointed to take possession and control of said property, under the directions of this honorable court, to administer the same during the pendency of this suit; and in this connection represents that, if said defendant Shaw be allowed to again regain possession of said property, or to assume the management of said plantation he will immediately do and commit irreparable injury and waste, and will, as he has done heretofore, intimidate and frighten away tenants now on said place, all of whom are negroes, and will, by thus driving off said tenants, cause said plantation to remain uncultivated during the ensuing year; that if said Shaw should again be permitted to come upon said place in the capacity or with the authority of manager of the same, that all said tenants will immediately leave said plantation out of fear of said Shaw because of the threats, abuses and injuries done them by said Shaw heretofore and while they were working as tenants on said farm. And plaintiff avers that an emergency and an urgent necessity exists, requiring the immediate appointment of such a receiver, as herein prayed for; that said plantation, store and saloon business, live stock and other incidents to said farm are worth about $45,000, that there are now due and owing debts of said store and saloon business, to the amount of about $3,000.

"And plaintiff shows that there are nine or more bales of cotton, produced from said plantation, now in the hands of defendant William Christian, and she says that if said defendant Christian be not enjoined from paying the proceeds arising from the sale of said cotton over to the said defendant Shaw, that said Shaw will waste and squander the money so arising, to the permanent injury of plaintiff.

"And plaintiff further shows. that said defendant Shaw has, during the pendency of this cause, taken personal property and money belonging to plaintiff to the amount and value of two thousand dollars, and has converted the same to his own use, to the damage of plaintiff; and plaintiff now asks that, in the event the court should find that said defendant Shaw has any community interest in any of the property herein mentioned, his said interest, if any, be charged with said sum of $2,000.

"Wherefore, premises considered, plaintiff prays that the injunction and restraining orders heretofore issued in this cause be continued in effect; that the receiver heretofore appointed be dismissed and discharged, such discharge to become effectual at such time or in such manner as to the court may seem best; that defendant Christian be enjoined from paying over to said defendant Shaw any money arising from the sale of any cotton in his hands; that a receiver be appointed herein to take charge and control of the property herein described in Fort Bend County, with such powers as to the court may seem meet and proper; that upon a trial hereof the marriage heretofore existing between plaintiff and defendant Shaw be dissolved and she be granted a divorce; that the property, real and personal hereinbefore described be held and adjudged to belong to plaintiff, save that located in Brazoria County; for costs of suit and for such other relief, legal and equitable, to which plaintiff may be entitled; and as in duty bound, etc."

Upon a preliminary hearing of the application for receivership contained in appellee's amended petition, before set out, the trial court on January 22, 1908, made the following order:

"On this 22d day of January, 1908, came on to be heard the petition of plaintiff, same being plaintiff's second amended original petition herein filed, wherein the plaintiff prays that the receiver herein heretofore appointed be discharged and said receivership vacated, and that a receiver be appointed to take possession and control of the plantation and mercantile business located on said plantation, together with the saloon business conducted in connection with said mercantile business, and also praying that the injunction as heretofore ordered and existing be continued in force; and thereupon came on to be heard in connection therewith, the affidavit of plaintiff in support of the allegation in said petition praying for such receivership; and also come on to be heard the first amended original answer of defendant B. W. Shaw; and the plaintiff and said defendant Shaw appearing in person and by counsel, and the court having been advised in the premises and having heard the argument of counsel upon the matter of the appointment of a receiver herein, as well as the retention in full force of the restraining orders hereinbefore issued, is of the opinion that said receivership as heretofore ordered, be and the same is hereby vacated, and the re-

ceiver heretofore appointed be and he is hereby discharged and dismissed. It is therefore ordered, adjudged and decreed by the court that said receivership be vacated, and that Alf. H. Tolar, receiver herein, as aforesaid, be and he is hereby dismissed and discharged as such receiver, and he is ordered to file in this court, at the earliest practicable time, a full report and statement of his doings under said former appointment.

"And it further appearing to the court that the protection and preservation of the property in controversy in this suit, located in Fort Bend County, and consisting of the plantation described in the pleadings in this cause, together with the store and saloon business located on said plantation and the several bales of cotton now in the hands of William Christian in Houston, Harris County, require the appointment of a receiver for the proper management and care thereof during the pendency of this suit; it is therefore ordered, adjudged and decreed by the court that Alf. H. Tolar be, and he is hereby appointed receiver herein, upon his taking the oath as required by law, and making the bond required by law in the sum of two thousand dollars, to be approved by the court; and that, as such receiver, he shall immediately take full charge, control and management of said plantation and store and saloon business, together with all the live-stock upon and belonging to said plantation, wherever the same may at this time be located, or in whomsoever possession they may be found; as well, also, as all personal property belonging to said business or plantation, and the tools, implements and equipments thereon or belonging thereto, as well as all money, notes, accounts, bills, choses in action and all property, of every character in any wise incident or appurtenant to said store and saloon business and said plantation; and the said receiver is hereby ordered and directed to continue the operation of said business and said plantation in such manner as to him may seem for the best interest thereof, and he shall make and enter into such rental and other contracts looking to the cultivation of said plantation for the ensuing year as to him may seem for the best interest thereof; he shall also take care of and provide for the livestock on said plantation and which belong thereon, and shall purchase upon the best terms and for the lowest prices, the necessary feed for the same, and pay for such purchases out of any money in his possession as such receiver; and said receiver shall make and file with this court an inventory of the property which comes into his hands as such receiver, and shall do and perform such other things in connection with said receivership as the court may, from time to time, order and direct.

"And it is further ordered, adjudged and decreed by the court, that the injunction and restraining order against the said Benjamin W. Shaw, as the same has been heretofore ordered and decreed, be and the same is hereby ordered and decreed to continue in full force and effect.

"It is further ordered that the costs in this cause that have accrued up to and until the date of this decree, be and the same are hereby adjudged against the plaintiff."

On the same day the receiver theretofore appointed was discharged under his former appointment and again qualified as receiver under said order of January 22. Thereafter, on January 24, 1908, after the execution by defendant of a supersedeas appeal bond the trial court en-

tered the following order directing the receiver to turn over to defendant the property in his possession involved in this suit:

"On this 24th day of January, 1908, came on to be heard the matter of the supersedeas bond executed by the defendant in the above numbered and entitled cause, and approved by the clerk of this court on the 23d day of January, 1908, and the disposition of the property now in the hands of the receiver theretofore appointed by the court, and the proceeds of such of the property so coming into the hands of said receiver and that has heretofore been sold or otherwise disposed of under instructions and confirmatory orders given and entered in this cause; and the court having heard the argument of counsel, and being fully advised in the premises, is of the opinion that said receiver, Alf. H. Tolar, be directed to turn over to the said defendant all the property now in his possession as such receiver, save and except as hereinafter provided; it is, therefore, ordered, adjudged and decreed by the court that said Alf. H. Tolar, receiver in this cause, be and he is hereby directed and instructed to deliver into the possession of defendant, B. W. Shaw, all the property and effects now in his hands or under his control, as such receiver, that came into his hands as such receiver, save and except such portions of the plantation in Fort Bend County which have been leased to various tenants under former orders of this court, and which portions have been by said receiver delivered unto such tenants by virtue of said lease contracts; and save and except further such sum of money, if any, now in the hands of said receiver, necessary and proper for the payment of the reasonable compensation of said receiver for his services by virtue of his said appointment, and such amount of money shall be by said receiver retained by him pending the further orders of this court, and said receiver shall immediately prepare and file in this court a full account and statement of his doings thereunder.

"And it is further ordered, adjudged and decreed that the injunction and restraining orders heretofore issued in this cause, as against the said defendant, B. W. Shaw, be and they are hereby ordered to remain in full force and effect, to all of which the defendant in open court at the time excepted and excepts and gives notice of appeal to the Court of Civil Appeals of the First Supreme Judicial District of the State of Texas at Galveston."

The first four assignments presented in appellant's brief assail the order of the trial court appointing a receiver upon the following grounds:

First:   Because the legal remedies of sequestration and injunction given a wife for the protection of her separate property pending a suit brought by her against her husband for divorce are entirely adequate, and therefore she is not entitled to the equitable remedy of a receivership.

Second:   That the facts stated in the petition are not sufficient to authorize the appointment of a receiver, and

Third:   That the defendant having denied under oath all of the allegations of plaintiff's petition and there being no evidence in the case other than the affidavit of the plaintiff and the counter-affidavit of the defendant, the order of the court appointing a receiver was without sufficient evidence to support it.

We do not think any of these objections to the order appointing a receiver are valid. A receivership is not a purely equitable remedy under the laws of this State. Our statute provides for the appointment of receivers in the following cases:

"1. In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or fund to his claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured.

"2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property when it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt.

"3. In cases where a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights.

"4. In all other cases where receivers have heretofore been appointed by the usages of the court of equity." Rev. Stats., art. 1465.

Section 4 of this article of the statute is not a limitation upon the right given in the preceding sections, but an extension of such remedy to all cases in which the remedy was allowed under the rules and usages of courts of equity, and when the facts in a particular case justify the appointment of a receiver under sections 1, 2 or 3 of this article, the right to a receivership is a legal right and is not dependent upon the general rules of practice in courts of equity. Sumner v. Crawford, 91 Texas, 130.

As stated in our opinion rendered upon the appeal from the former order in this case appointing a receiver (*vide* Shaw v. Shaw, 50 Texas Civ. App., 363), we think plaintiff upon the facts alleged in her petition was entitled under the first section of the article above quoted to have a receiver appointed to take charge of and manage the property in controversy pending the final determination of the suit. Stone v. Stone, 43 S. W., 568; Cotton v. Rand, 92 S. W., 266.

There is probably less question of plaintiff's right to this remedy upon her present application therefor than there was before the suit became by amendment a suit for divorce as well as for the recovery of the property. It is true, the statute gives a plaintiff in a suit of this kind the right to sequestrate the property and also the right to an injunction, to restrain the defendant from disposing of the property, but, as stated in our former opinion, these remedies are not exclusive. Article 2985 of the Revised Statutes expressly provides that: "Pending any suit for divorce the court or the judge thereof may make such temporary orders respecting the property and parties as may be deemed necessary and equitable."

If the general equitable rule denying the right to a receivership in cases in which an adequate remedy at law exists was applicable we would hold that the remedy by injunction or sequestration not being as full

and complete as that furnished by the appointment of a receiver, the trial court was authorized to make such appointment. It is not enough for the full protection of appellee's rights that appellant be enjoined from exercising further control and management of the property, but her best interest requires that the mercantile business should not be closed and that the farming business upon the plantation should not be interrupted and this result could not be so readily obtained by sequestration proceedings as by the appointment of a receiver. It can not be said that a writ of sequestration in this case would be as practical or efficient in accomplishing the ends of justice and its prompt administration as the appointment of a receiver, and therefore the trial court was authorized under rules of equity practice to make such appointment.

The fact that the petition may show upon its face that appellant has an interest in the real property involved in the suit and which he has been enjoined from disposing of, sufficient to protect appellee against any damage that she might sustain by his mismanagement or fraudulent disposition of the personal property, would not defeat appellee's right to have a receiver to take charge of said personal property.

What has been said disposes of appellant's first and second objections to the order above stated.

There is no merit in appellant's third objection stated above. In addition to the affidavit of plaintiff to the facts alleged in her petition, upon which the order appointing the receiver is based, the record shows that prior to the time of the first appointment of a receiver in this suit the defendant had violated the injunction theretofore issued by the court restraining him from disposing of the property. The court was authorized to grant the prayer for a receivership solely upon the affidavit of the plaintiff, notwithstanding the defendant by affidavit denied generally each and all of the allegations of the petition.

The fifth assignment complains of that portion of the order made after the filing of the supersedeas bond directing the receiver to turn over the property in his hands save and except those portions of the plantation which he had previously leased to tenants under order of the court, and authorizes the receiver to retain sufficient funds of the receivership to compensate him for his services.

This court having held that the first order appointing a receiver was valid, the acts of the receiver under such appointment done under and in compliance with the order of the court were legal and binding, and the parties who had rented land of said estate from the receiver for the year 1908 were entitled to hold the same, and the court did not err in exempting such rented property in the order directing the receiver to turn the property in his hands over to appellant.

The appellee having asked and obtained the discharge of the receiver all the costs of such receivership, including the compensation of the receiver, should be borne by her, and if upon a final trial of the case defendant recovers any interest in the funds in the hands of the receiver such interest should not be charged with any of the costs of the first receivership. For this reason the order of the court directing the receiver to retain sufficient of the funds in his hands to compensate him for his services can not be held valid as an adjudication of any of the

costs of said receivership against the defendant, and upon the final hearing of the cause the court should adjudge such costs as above indicated.

We think the judgment of the court below should be affirmed and it has been so ordered.

*Affirmed.*