TEMPLE STATE BANK v. MANSFIELD
et al.   (No. 7584.)

(Court of Civil Appeals of Texas.   Galveston.
June 30, 1919.)

1. TRUSTS ⚖══369—SUFFICIENCY OF PETITION
TO AUTHORIZE APPOINTMENT OF RECEIVER.

Under Vernon's Sayles' Ann. Civ. St. 1914,
art. 2128, subd. 1, petition in suit against a
bank and other parties interested with plaintiff
in a trust fund deposited with the bank *held*
sufficient to authorize the court to appoint re-
ceiver of the fund.

2. PLEADING ⚖══8(2)—ALLEGATION OF DANGER
OF LOSS, IN PETITION FOR RECEIVER, NOT A
CONCLUSION.

In suit wherein the. petition asked appoint-
ment of receiver of a trust fund held by defend-
ant bank for plaintiff and others, allegation that
the fund was in danger of being lost, diverted,
misapplied, and put beyond the reach of plain-
tiff and the court, being a reasonable inference
from facts alleged, *held* not a mere conclusion.

3. RECEIVERS ⚖══14 — EQUITABLE GROUNDS
UNNECESSARY IN PRESENCE OF STATUTE AU-
THORIZING APPOINTMENT.

Right to have receiver appointed under
Vernon's Sayles' Ann. Civ. 1914, art. 2128,
subds. 1–3, is a legal right, not dependent on
rules of practice in equity; and, when facts
bring case within any of the sections, allega-
tions and proof of insolvency of defendant, in-
adequacy of legal remedy, or other equitable
grounds for receiver, are not required.

4. RECEIVERS ⚖══35(1)—FACTS AUTHORIZING
APPOINTMENT WITHOUT NOTICE.

In suit against a bank to recover funds held
in escrow for plaintiff and others, facts alleged
in the petition *held* sufficient to justify immedi-
ate appointment of receiver for such funds, to
protect plaintiff's rights, without notice to the
bank.

Appeal from District Court, Harris Coun-
ty; Wm. Masterson, Judge.

Suit by H. P. Mansfield against the Temple
State Bank and others. From an interlocu-
tory order appointing receiver, the bank ap-
peals. Affirmed.

Love & Fouts, of Houston, for appellant.
L. R. Bryan, Moody & Boyles, and Kitt-
rell & Kittrell, all of Houston, for appellees.

PLEASANTS, C. J.   This appeal is from
an interlocutory order of the district judge
for the Fifty-Fifth judicial district of Har-
ris county, made in a suit brought by H. P.
Mansfield against the Temple State Bank
and others to recover funds alleged to have
been placed in said bank in trust for the
benefit of plaintiff and others who were made
defendants in the suit, appointing a receiv-
er for such funds, and directing appellant to
deliver the funds to the receiver.

The order was made upon the sworn peti-
tion of plaintiff without notice to appellant.

It would unnecessarily lengthen this opin-
ion and serve no useful purpose to set out
in detail the allegations of the petition. It
is sufficient to say that it alleges, in sub-
stance, that plaintiff and defendant James
E. Ferguson, who were joint owners of cer-
tain lands in Liberty county, against which
adverse claims were being asserted, had sold
said lands to the Dayton Lumber Company,
and had agreed with each other and said
Lumber Company and appellant that, pend-
ing litigation of said adverse claims, a por-
tion of the purchase money agreed to be paid
for the land by the Lumber Company, and
evidenced by notes of said company, should
be paid to and deposited in appellant bank
as the notes mature, and held by the bank to
abide the result of the litigation; that the
notes had been paid and the litigation had
terminated some months before the suit was
filed, and plaintiff, as a joint owner of said
fund, was entitled to recover his propor-
tionate share thereof.

The respective interests of plaintiff and
other joint owners, all of whom were made
parties defendant, are set out in detail. The
petition then alleges as follows:

"Plaintiff further alleges that he has made
frequent demands upon the Temple State Bank,
and also upon the officers thereof, and upon
John L. Ward, counsel for said bank, for a
statement of the accounts [amounts] paid to said
bank by the Dayton Lumber Company under
said escrow agreement heretofore alleged, and
for a statement of how account was carried on
the books of said bank—that is, in whose name
and for whose account said money was carried—
but the said Temple State Bank has failed and
refused, and still fails and refuses, to furnish
this plaintiff any information as to the condi-
tion of said account in any manner whatsoever,
but has referred this plaintiff to James E. Fer-
guson, defendant herein, whom this plaintiff al-
leges is neither an officer nor director of said
bank, the president of said bank stating· they'
would not give any statement without the con-
sent of the said James E. Ferguson, and that
the said James E. Ferguson on behalf of said
bank has failed and refused to furnish any state-
ment of the condition of said account, and has
stated to plaintiff's counsel that said bank would
not furnish said· statement to plaintiff or to his
counsel, and further stating that the officers of
said bank would not furnish any statement or
give any information without the permission of
the said James E. Ferguson, and that he re-
fused to give such information; all of said re-
fusals being made in spite of the fact that said
bank was furnished with a copy of said escrow
agreement and owned said fund jointly with
the said James E. Ferguson.

"Plaintiff therefore alleges that, in accordance
with the terms of said escrow agreement, and in
accordance with the detailed statement above
alleged, the amount to be paid to plaintiff out of
said $24,000 and interest thereon in the hands
of the Temple State Bank is the sum of $13,-
715.85, and that Dayton Mills, successors to the

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Dayton Lumber Company, is entitled to have paid to it out of said fund the sum of $3,777.94, and that the said C. F. Stevens, or his assignee, is entitled to have paid to him the sum of $900, and that the defendant James E. Ferguson is entitled to have paid to him out of said funds the sum of $12,198.35.

"Plaintiff further alleges that the said James E. Ferguson and the said Temple State Bank having failed and refused to furnish plaintiff with a statement of the condition of said account, or to furnish plaintiff any information in relation thereto, and having failed and refused, as plaintiff now alleges, to make distribution of said fund, said bank being under the influence and control of said James E. Ferguson, as shown by the allegations heretofore made, he alleges it is necessary for the protection of all of the parties hereto, and for a proper distribution of said fund, that this court appoint a receiver to demand of the said Temple State Bank, and to have said Temple State Bank pay to said receiver, the said sum of $24,000 and interest thereon, and the sum of $972 and interest thereon, so that the same may be by this court distributed among the parties hereto in accordance with the allegations heretofore made in this petition.

"Plaintiff further shows that said fund is in danger of being lost, diverted, misapplied, and put beyond the reach of plaintiff and of this court, and that an emergency exists for the immediate appointment of said receiver to obtain possession of said fund, and hold the same to await the further orders of this court upon a final hearing thereof, and that plaintiff has no other remedy by which he can be protected from injury, but that he will in all probability lose the entire amount of said fund unless said receiver is appointed at once, and that delay to await notice to defendants will cause irreparable injury."

[1] We think the allegations of the petition were sufficient to authorize the court to appoint a receiver of the fund. Subdivision 1 of article 2128, Vernon's Sayles' Civil Statutes, expressly authorizes the appointment of a receiver—

"in an action * * * between partners or others jointly owning or interested in any property or fund, on the application of * * * any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

[2] We think when the trustee of a special fund held under an express trust not only refuses to execute the trust, but refuses to give any information to a joint owner of the fund as to its condition or as to where or in whose name it is held or deposited, it may be reasonably inferred that the fund is in danger of being "lost, diverted, misapplied, and put beyond the reach of plaintiff and of this court," and such allegation in the petition in this case, being a reasonable inference from the facts alleged, is not a mere conclusion of the pleader.

[3] The right to have a receiver appointed under any of the first three sections of the article above cited is a legal right not dependent upon the general rules of practice in courts of equity, and, when the facts alleged in a particular case as grounds for the appointment of a receiver bring the case within the provisions of either of these sections of the article, allegations and proof of insolvency of the defendant, inadequacy of legal remedy, or other equitable grounds for the appointment of a receiver, are not required to authorize such action by the court. Cotulla v. Mortgage Co., 86 S. W. 340; Shaw v. Shaw, 51 Tex. Civ. App. 55, 112 S. W. 127; Sumner v. Crawford, 91 Tex. 130, 41 S. W. 994.

[4] We are further of opinion that the facts alleged were sufficient to justify the trial court in concluding that for the full protection of plaintiff's rights the immediate appointment of a receiver was necessary, and authorized such appointment without notice to the appellant.

The facts upon which this court held in cases of Haywood v. Scarborough, 41 Tex. Civ. App. 443, 92 S. W. 815, and Security Co. v. Development Co., 142 S. W. 1192, no emergency was shown which authorized the appointment of a receiver without notice to the defendant, were very different from the facts alleged in this case. In neither of the cases cited were there any allegations that the property was in danger of being lost or removed, and in each of said cases an injunction was asked and granted by the court restraining the defendant from disposing of the property pending the litigation, which we held completely protected the rights of the plaintiffs "from any of the dangers, actual or threatened, referred to in the petition." No injunction was issued or asked for in this case, and, as before shown, the petition alleges that the "fund is in danger of being lost, diverted, misapplied, and put beyond the reach of plaintiff and of this court, and that an emergency exists for the immediate appointment of a receiver." We do not think the record in this case discloses any disregard of the rights of the appellant, or any violation of the rules of equity in appointing a receiver of the trust fund for which appellant refused to account, and the judgment of the court below is therefore affirmed.

Affirmed.