GONZÁLEZ ET AL., PETITIONERS, *v.* BENÍTEZ FLORES, DISTRICT JUDGE, RESPONDENT.

## PETITION for a Writ of Certiorari to the District Court of San Juan in Proceedings for the Appointment of a Receiver.

### No. 317.—Decided April 4, 1921.

CERTIORARI — NOTICE. — When a case is submitted to the Supreme Court after service of its writ of certiorari, that court may waive strict compliance with its rules regarding notice to the other party who might be affected by the proceeding.

ID.—ORDINARY REMEDIES.—Before a petition for a writ of certiorari is presented to the Supreme Court the petitioner should exhaust all his remedies in the court of original jurisdiction, but when the Supreme Court is convinced that justice requires its immediate intervention the writ will be granted.

ID.—RECEIVER—EX PARTE PROCEEDINGS.—Section 184 of the Code of Civil Procedure impliedly authorizes the district courts to appoint receivers with or without bond in *ex parte* proceedings, but this authority should be exercised only in extreme cases when the circumstances are such that the only means of securing the rights of one party is to invade the rights of the other and it is nothing short of this to decide a question definitely, although temporarily, involving the rights of the other party without giving him an opportunity to be heard and without even requiring a bond to answer for the damages that he may sustain. It was held in this case that the circumstances did not justify the appointment of a receiver *ex parte* and without bond, and that the said appointment must be set aside and the case remanded for consideration by the district court after hearing the adverse party.

The facts are stated in the opinion.

*Mr. C. Coll y Cuchí* for the petitioners.

The respondent did not appear.

*Mr. J. H. Brown* for the adverse party.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Eduardo J. González, Enrique González and Abelardo de la Haba, by their attorney, presented a verified petition for a writ of certiorari against the Judge of the District Court of San Juan, Section 1, ordering him to send up the record in civil case No. 13,534, an action for the dissolution of a partnership, wherein the said judge had unlawfully appointed a receiver. The writ was issued and returned and the hearing was set for March 7, 1921.

On the day set the petitioners appeared by their attorney, as did also Rafael Fabián, Luis Rubert, Eduardo Giorgetti and the minors Eulogio Dimas, Josefina Dolores, Alfonso Rafael, Luz María, Antonio, Lucía Mercedes and Rafael Angel Riera, represented by their mother with *patria potestas,* Josefina Begoechea, widow of Riera, the plaintiffs below in said action No. 13,534.

The said plaintiffs made a motion for the dismissal of the proceeding. The question was then raised of whether or not the said plaintiffs were prepared to discuss the merits of the case. They answered affirmatively, but stated that they would go into the hearing only with the understanding that it should be without abandoning in any manner their right to have their motion for dismissal decided on its merits. Therefore the motion was heard and the court reserved its decision and proceeded to hear the petition, the said plaintiffs filing a written answer in opposition to the petition. The attorneys argued the case and were also allowed five days within which to file memorandums of authorities. This they did in due time and the case was thus submitted to our consideration and decision.

1. The motion to dismiss the petition was based on the

fact that although the movers were the other party really interested in the matter and entitled to notice, only a simple copy of the petition had been left in the office of· their attorney while he was absent.

Rule 69 of this court requires that in a case of this kind it shall be the duty of the applicant obtaining the order to serve or cause to be served upon the other party really interested a certified copy of the affidavit and writ issued thereon. The parties must comply with the rules of the court. There is no doubt about this. Otherwise the rules would not have been adopted. But if the court acquires jurisdiction of the case, then in the interest of justice it may dispense with strict compliance with its own rules, and in the case before us this court acquired jurisdiction when the writ was served on the district judge.

It is clear that Rule 69 was not fully complied with. There is no doubt as to the interest of the parties referred to and that they were entitled to notice. But what is the object of such notice? It is to inform the parties of the proceeding and of all the necessary details thereof so that they may defend their rights. In this case it was duly shown that the parties were perfectly prepared and, this being so, in our opinion mere technicalities should not prevail over the ordinary and speedy course of proceedings before this court. If the parties had said that they were not prepared, the court would have postponed the hearing for a time sufficient to allow them to prepare their case. Considering the circumstances, the court would not have dismissed the petition, but would have postponed the hearing and ordered the petitioners to comply strictly with the rule in the meantime.

2. As has been said, the court considered the petition and granted the writ of certiorari. The other interested party maintains that the writ should not have been granted because there was another speedy and lawful remedy, that is, to move the district court for a reconsideration of the order

appointing the receiver.    That party cites in support of the
contention 6 Cyc. 744; 11 C. J. 113, and the decisions of this
court in *Aramburu* v. *Córdova,* 17 P. R. R. 913; *Martínez*
v. *Crosas,* 27 P. R. R. 87; *Marrero* v. *Bryan,* 26 P. R. R. 384,
and *Vázquez Prada* v. *Rossy,* 20 P. R. R. 181.

We agree that the best and usual practice should be that
if the petitioner may obtain relief by means of a motion to
the court in which the principal action is pending, this court
should not grant a writ of certiorari.    But there are excep-
tions to that rule and it is not binding upon this court, which
has wide discretion in issuing such writs.    Generally recourse
should not be taken to an appellate court before exhausting
all remedies in the court of original jurisdiction; but if the
appellate court is convinced that the justice of the case de-
mands its immediate intervention, it should not be withheld.
This court believed that the petition here presented involved
such a case.    Besides, the fact should not be lost sight of
that when jurisprudence mentions the existence of other
remedies as a bar to writs of certiorari, it generally refers to
appeals.

3. It is further contended in opposition to the writ of
certiorari that the grounds on which the petition is based
are not sufficient; or, in other words, that the order appoint-
ing a receiver is justified by the facts and is in conformity
with the law.

We will recite the facts.    In September, 1919, E. Rubert,
E. Giorgetti, E. J. González, E. González, J. D. Riera, A. de
la Haba and B. Rubert formed a five-year agricultural and
industrial partnership under the name of Central Victoria,
Ltd., in accordance with the Civil Code, each of the first five
partners contributing one hundred thousand dollars and each
of the last two fifty thousand dollars, making in all a total
of six hundred thousand dollars.    A transfer was made to
the said partnership of the sugar factory Central Progreso
and of other properties of the Compañía Azucarera de la

Carolina, and the partnership commenced business under the presidency of González. J. D. Riera and B. Rubert died, the share of the former being acquired by his children and R. Fabián and that of the latter by L. Rubert.

Some time elapsed. There arose some differences among the partners, who, it seems, divided themselves into two groups, group A being composed of E. J. González and A. de la Haba, representing two hundred and fifty thousand dollars and yet having a majority in the board of directors according to the stipulations of the contract and on account of the death of Riera and B. Rubert, and group B being composed of L. Rubert, E. Giorgetti, R. Fabián and Riera's children, representing three hundred and fifty thousand dollars and having a minority in the board of directors.

On the 21st of February group B brought an action for dissolution of the partnership in the District Court of San Juan, Section 1, praying for the immediate appointment of a receiver. The complaint is sworn to by G. Vallecillo, attorney in fact of Giorgetti, who in that capacity attended the meetings of the board of directors of the partnership. Without requiring a bond and without notice to or a hearing of the defendants, the district court appointed a receiver who was to give bond in the sum of thirty thousand dollars to answer for the faithful discharge of his duties.

In our opinion there is no doubt about the jurisdiction of the court to appoint a receiver in an action between partners ''where it is shown that the property or fund is in danger of being lost, removed, or materially injured.'' See subdivision 1 of section 182 of the Code of Civil Procedure.

We think it unnecessary to consider now whether or not the complaint would ultimately justify the appointment of a receiver or administrator. That question must be left for free decision by the district court after hearing the parties and weighing the facts shown to exist in the case.

What really induced the issuance of the writ and will be

the ground of our decision setting aside the appointment, was the procedure followed.

It is true that section 184 of the Code of Civil Procedure provides that "If a receiver be appointed upon an *ex parte* application, the court, before making the order, may require from the applicant an undertaking  *  *  * ," which impliedly recognizes the power of the court to appoint a receiver without hearing the adverse party, leaving to its discretion whether or not a bond must be given. But this power can be exercised only in extreme cases when the facts are of such a nature that the only means of securing the rights of one party is by invading the rights of the other, and it is nothing short of this to decide a question definitely, although temporarily, involving the rights of the other party without giving him an opportunity to be heard and without requiring a bond to respond for the damages that he may sustain. And the fact is that the complaint does not lead to the conclusion that this is such an extreme case.

The facts alleged are summarized by group B of the interested parties themselves as follows:

"The complaint in this case established by proper allegations the right of the plaintiffs to a dissolution of the partnership on the following grounds:

"1. Violation of the partnership contract and of their duties as partners by the defendants in refusing to enter into or demand performance of contracts advantageous to the partnership. Allowing salaries not authorized by the partnership contract. Using partnership funds for outside purposes and conducting the partnership for the benefit of E. González & Co. and against the interests of Central Victoria, Limited.

"2. Dissensions among the partners caused by the fault of the defendants, preventing the proper transaction of business by the partnership.

"3. Bad management of the property and business of the partnership by the defendants, causing great damage and threatening its ruin.

"4. Exclusion of the plaintiffs from a fair participation in the matters and management of the partnership."

Such facts perhaps might serve as a basis for the dis-solution of the partnership and at the same time for the appointment of a receiver, but not for the unusual procedure followed.

In the case of *Balasquide* v. *Rossy,* 18 P. R. R. 33, wherein in certiorari proceedings the appointment of a receiver by the district court was set aside, citing *Sage* v. *Memphis Railroad Company,* 125 U. S. 361; *McNair* v. *Gourrier,* 40 La. Ann. 353, and 34 Cyc. 19 and 22, and cases therein cited, this court quoted jurisprudence on the question as follows:

"Generally, the application for a receiver is addressed to the sound legal discretion of the court to be exercised as an auxiliary to the attainment of the ends of justice. But the power is not an arbitrary one, and before judicial action can be justified on the ground of discretion there must be a case calling for the exercise of such discretion.

"The power to appoint a receiver is a delicate one especially when invoked upon interlocutory *ex parte* applications and should be exercised with extreme caution and only under circumstances requiring summary relief, or where the court is satisfied that there is imminent danger of loss, lest the injury thereby caused be far greater than the injury sought to be averted. It should never be exercised in a doubtful case and when no advantage is to be gained from such appointment or no injury will result from its refusal— in other words, when it does not appear to be necessary. The court should consider the consequences to all of the parties, and the power should not be exercised when it is likely to produce irreparable injustice or injury to private rights, or when the facts demonstrate that the appointment will imperil the interests of others whose rights are entitled to as much consideration from the court as those of the complainant. The chancellor should mould his order that while favoring one injustice is not done to another, and if this cannot be accomplished, the application should ordinarily be denied."

The contestants call attention to a California case in the following manner:

"The Supreme Court of California has held in *Real Estate Associates* v. *Superior Court,* 60 Cal. 223, that section 566 of the Code of Civil Procedure of California, very much like section 184 above

cited, recognizes the appointment of a receiver upon an *ex parte* application.

"It is true, however, according to the rule generally accepted, that a court should not appoint a receiver upon an *ex parte* application and without notice to the adverse party unless good cause is shown.

"Under that rule the following causes are considered sufficient:

"1. When it appears that notice to the adverse party might defeat the object of the action.

"2. When it appears from the complaint, or from other evidence, that the property is in danger of being lost, wasted or concealed, or that irreparable damages may be suffered."

Although the doctrine has been extracted from the authorities cited by the parties rather than from the opinion itself, we admit that it has been well stated; but we hold that when applied to this case it is contrary to the procedure followed.   In the California case neither the petition nor the order appointing the receiver showed whether the order had been entered with or without notice.   Here it appears that the appointment was made without notice and without bond. The California case seems to have been an insolvency case. Here the solvency of group A is not even questioned.   Although it is alleged that the said group, representing a minority of the capital stock, had control in the board of directors by a majority of votes, it appears that group B was represented in the said board and had at its disposal the means of investigating all the transactions of the partnership.   Most of the property is real property and group A has a large interest in it.   There is nothing to show with a semblance of truth that by following the ordinary and just procedure of hearing group A before deciding whether or not a receiver ought to be appointed, the said group would in a few days conceal properties, falsify accounts, or, in short, defraud group B by squandering their lawful property.

The facts in the Texas case cited (*Temple State Bank* v. *Mansfield et al.*, 215 S. W. 154) are so far distinguishable that the conclusion therein reached by the court can not be ap-

plied to this particular case before us for consideration. In that case the circumstances justified the appointment of a receiver without notice to the other party. In this we have seen that they do not.

Justice demands, therefore, that the order appointing a receiver should be set aside and that the case be remanded to the district court for proceedings according to law, or, as to the particular question in controversy, for decision after hearing the adverse party and considering and weighing the facts and reasons set up by all the interested parties.

<em>Reversed and remanded.</em>

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison dissented.