## KOTTWITZ v. JEHN et al.   (No. 9089.)

Court of Civil Appeals of Texas. Galveston.
March 30, 1928.

Rehearing Denied April 26, 1928.

1. Receivers ⬦14—Appointment of receiver for estate because drug business was not operated in most efficient manner held error, where evidence failed to show estate was endangered (Rev. St. 1925, art. 2293).

Where receiver was appointed on application of one of heirs on showing that drug store belonging to estate was not operated in most efficient manner and some profits may have been lost, although evidence failed to show that any property of estate was in danger of being lost, removed, or materially injured by executor, *held*, that appointment of receiver was error, under Rev. St. 1925, art. 2293.

2. Receivers ⬦38—To warrant appointment of receiver by interlocutory order, evidence should justify reasonable inference that it is necessary to prevent manifest wrong.

Appointment of receiver by interlocutory order is in all cases a summary proceeding which, temporarily at least, deprives defendant of possession of property before final judgment or decree has been rendered against him, and such remedy should not be granted plaintiff unless evidence is such as to justify reasonable inference that it is necessary to prevent manifest wrong and injury.

### On Motion for Rehearing.

3. Receivers ⬦14—Solvent executor's charge of unreasonable attorney's fees and commissions on sales made by drug store belonging to estate held not ground for appointment of receiver.

In proceeding for construction of will where executor claimed unreasonable attorney's fees and charged commissions on sale made by drug store belonging to estate, *held*, that this was not sufficient ground for appointment of receiver, in absence of allegations and proof that executor was insolvent.

4. Executors and administrators ⬦495(7)—Administrator or executor conducting mercantile business for estate is not entitled to commissions on sales.

Administrator or executor who conducts mercantile business for estate is not entitled to commissions on sales made in conducting business.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Suit by L. A. Kottwitz, executor of the estate of Mrs. Mamie J. Bichon, deceased, against Mrs. Leonie E. Jehn and others, for the construction of the will and for the partition of the property of the estate. From an order made upon the application of the named defendant appointing a receiver to take possession and administer the estate, the executor appeals. Reversed and rendered.

A. B. Wilson, of Houston, for appellant.
Botts & Grinstead and W. Carter Grinstead, all of Houston, for appellees.

PLEASANTS, C. J. This appeal is from an order of the court below appointing a receiver to take possession and administer, under the direction of the court, the estate of Mrs. Mamie J. Bichon, deceased, which was being held and administered by appellant as independent executor of the will of Mrs. Bichon.

The order appealed from was made upon the application of appellee Mrs. Jehn, presented in a suit brought by appellant, executor, for the construction of the will, and for partition of the property of the estate in event the court should construe the will as authorizing a present partition of the property.

This suit was filed on December 24, 1926.

The defendants in the suit, who are the children and grandchildren of Mrs. Bichon and beneficiaries under her will, filed an answer on January 24, 1927, in which they aver, in substance, that two requests for a partition of the estate had been theretofore made of the executor in accordance with the provisions of the will, and that the executor was wrongfully withholding the estate from them; that they do not know what disposition has been made of the property and money of the estate by the executor, although they have made frequent requests of him for such information.

They further charge that the executor has failed to advance money for the support and maintenance of the minor defendants who are beneficiaries under the will, and pray for a partition and distribution of the estate.

On March 16, 1927, appellee Mrs. Jehn filed in this suit an application for the appointment of a receiver "to take immediate charge and possession of all of the property and of the estate, including the money, books, and records, and all instruments pertaining to the estate, and to have a complete audit of the books and records made, and make report of same to the court, and that such receiver hold all of the property subject to the further order of the court, except the drug store belonging to the estate which he be directed to operate, and to purchase supplies and employ such assistance as may be necessary for the proper conduct of the business, and to do any and all things reasonably necessary to efficiently operate said drug store in a business like manner."

The grounds upon which the receivership is asked are thus stated in the petition:

"That there is an indebtedness owing by the said estate which is secured by a lien upon the family homestead which the plaintiff has permitted to become delinquent and past due, and suit may at any time be filed by the owner and the lien foreclosed. That the plaintiff has failed

to pay certain taxes due by the estate upon the real estate situated in Pecos county, Tex., and the state of Texas has filed suit to collect the same and for foreclosure of its tax lien, and the property is liable to be lost to the estate and to your petitioner. That the drug store is being inefficiently operated in such a way as will cause the same to lose the good will of its patrons, which is a very valuable asset to the estate. All of the money is being taken by the plaintiff or his agent from the cash drawer at various times during the day without leaving a sufficient amount on hand to accommodate the store's patrons with change; and the stock of merchandise and drugs has been decreased by 50 per cent. in the last four months; and the plaintiff will not purchase additional stock nor will he permit his employees to do so, and that as a consequence thereof the store is losing its patronage, and the good will of the store is in grave danger of being destroyed, and the estate and your petitioner are in grave danger of suffering a great financial loss.

"That your petitioner fears that, unless a receiver is immediately appointed to take charge of the properties and books and records of this estate, the books will be mutilated or destroyed, and that they will be unavailable upon the trial of this cause, and that unless a receiver is immediately appointed your petitioner fears that the estate will be wasted and the loss will be irrevocable. That for the protection of her property your petitioner has no adequate remedy at law, and, unless this honorable court immediately appoints a receiver for the estate as aforesaid, your petitioner's property is in danger of being lost and materially injured."

The appellant presented a general demurrer and special exceptions to this petition, and denied each and all of the material facts therein alleged, and fully disclosed in his answer, which was sworn to by him, the condition of the estate and the disposition made by him of all the property and money of the estate which had come into his hands as executor.

Upon a hearing of the application, the trial court granted the prayer for the appointment of a receiver with the powers and duties designated in the prayer of the petition before set out.

The record discloses that the estate in controversy was originally owned by Leon Bichon and his wife, Mamie J. Bichon. Leon Bichon was a doctor and druggist and for a number of years had owned and operated a drug store in the city of Houston. He died in April, 1925, leaving a will devising his entire estate to his wife, Mamie J. Bichon. Appellant was named independent executor of the will, which was duly probated, and the estate, upon appellant's qualification as executor, passed into his charge and possession.

In June, 1925, Mamie J. Bichon died, leaving a will in which appellant was named independent executor. This will was duly probated, and appellant, acting thereunder as independent executor, has administered the joint estates.

The hearing on the application for the appointment of a receiver lasted several days, and the evidence adduced was somewhat voluminous. We shall not undertake to set out the testimony. It is sufficient to say that there is no evidence in the record from which it can be reasonably inferred that Mrs. Jehn is in "grave danger of suffering great financial loss," or that she has any grounds to fear "that, unless a receiver is immediately appointed to take charge of the properties and books and records of this estate, the books and records will be mutilated or destroyed and that they will be unavailable upon the trial of this cause," or that the estate will be wasted by the executor.

[1] There is testimony which tends to show that the drug store business may not have been operated in the most efficient manner and some profits from the business may have been lost thereby, but no appreciable amount of such loss was shown, and the evidence as a whole falls far short of being sufficient to show that any property of the estate is in danger of being lost, removed, or materially injured by the appellant. Upon this evidence the trial court was not authorized to take the estate from the possession of the executor to whom it was intrusted by the testator. Whether the right to the appointment of a receiver to take possession of property lawfully in the possession of a defendant be considered a legal or an equitable remedy, before such invasion of the lawful possession of property is authorized it must be shown by the pleadings and evidence that there is danger of the property being lost, removed from the jurisdiction of the court, or materially injured if left in the possession of the defendant. Article 2293, Revised Statutes (1925); Harris v. Hicks, 13 Tex. Civ. App. 134, 34 S. W. 983.

[2] The appointment of a receiver by an interlocutory order is in all cases a summary proceeding which, temporarily at least, deprives the defendant of the possession of property before a final judgment or decree has been rendered against him, and such remedy should not be granted a plaintiff unless the evidence is such as to justify a reasonable inference that it is necessary to prevent a manifest wrong and injury. High on Receivers (3d Ed.) par. 3.

The trial court erred in appointing a receiver, and the order making such appointment is reversed and the receivership vacated.

Reversed and rendered.

### On Motion for Rehearing.

Appellee Mrs. Jehn has presented a motion for rehearing which vigorously attacks our holdings "that there is no evidence in the record to show that any property of the estate is in danger of being lost, removed, or

materially injured by the appellant," and no evidence "from which it could be reasonably inferred that appellee was in danger of suffering great financial loss, or that the estate would be wasted by the executor." No evidence is presented or referred to in the motion sufficient to sustain any of the several specific acts or omissions of the appellant set out in appellee's application for the appointment of a receiver upon which she based her general allegations that she is in "great danger of suffering great financial loss" and has grounds to fear that the "books and records will be mutilated or destroyed and will be unavailable upon the trial of this cause," and there is no such evidence in the record.

But appellee contends that the court was authorized to appoint a receiver because the evidence shows that the amount expended by the executor from December, 1925, to March, 1927, exceeds the revenues of the estate during that period, and also because the account presented by the executor shows that he has appropriated, as fees and commissions for services rendered the estate, sums in excess of the amount legally due him.

We cannot sustain either of these contentions. Waiving any question of the sufficiency of appellee's pleadings to entitle her to have a receiver appointed on these grounds, they are, when the whole record is considered, insufficient to sustain the conclusion that the estate is in danger of being wasted or that appellee is in danger of suffering great financial loss unless a receiver is appointed.

All of the books and records of the estate were before the court. While the testimony of the bookkeeper, Simon Kottwitz, is confusing and hard to understand, he does testify that the expenditures during the period mentioned exceeded the revenues, but the undisputed evidence and books and records show that out of the revenues of the estate the appellant has paid the debts of the estate, some of which were liens upon the real estate, and that the net value of the estate, without considering the increase in the value of the property, is $1,924.47 in excess of the value of the estate received by him.

[3, 4] The record shows that appellant has charged the estate or estates $500 attorney's fees for probating the will of each of his testators, and has also charged commissions on sales made by the drug store.

There is evidence sufficient to sustain the finding that the charges for probating the wills were unreasonable, and it seems to be settled that an administrator or executor who conducts a mercantile business for an estate is not entitled to commissions on sales made in conducting the business. Dwyer v. Kalteyer, 68 Tex. 554, 5 S. W. 75.

But these questions are all involved in the suit brought by the executor, and the fact that he is claiming the right to retain such amounts as compensation is not sufficient ground for the appointment of a receiver, in the absence of allegations and proof that he is insolvent.

The cases of Temple State Bank v. Mansfield (Tex. Civ. App.) 215 S. W. 154, and Shaw v. Shaw, 51 Tex. Civ. App. 55, 112 S. W. 124, cited and relied on by appellee, do not sustain the contention that the facts of this case justify the appointment of a receiver. In each of those cases a receiver was appointed without notice to the defendant upon a sworn petition setting up facts which, if true, entitled the plaintiff to have a receiver, and showed such emergency as authorized the appointment without notice to the defendant. In this case, upon a hearing, the evidence wholly fails to establish the allegations made in the petition for appointment of a receiver.

We adhere to the conclusions expressed in our original opinion, and the motion for rehearing has been overruled.

Overruled.