## MASSEY v. GREENWOOD.
### No. 4391.

Court of Civil Appeals of Texas. Texarkana.

Dec. 1, 1932.

Rehearing Denied Jan. 19, 1933.

Hiner & Pannill, of Fort Worth, and Wynne & Wynne, of Longview, for appellant.

Scott & Hall, of Marshall, for appellee.

BLALOCK, Chief Justice.

On September 12, 1932, appellee C. F. Greenwood, plaintiff below, filed suit against appellant Otto Massey, defendant below, the suit being in trespass to try title to recover seven-eighths of the oil, gas, and other minerals under 31 acres of land, and upon sworn allegations prayed for the appointment of a receiver without notice to take possession of the property, the accounts and records pertaining thereto, and the income therefrom during the pendency of the litigation. Without notice to defendant, the court, in vacation, on the day the suit was filed, appointed W. C. Holloway as receiver of the property described in plaintiff's petition, directing the said receiver to take possession of said property, the oil wells located therein, the accounts and records connected therewith, and further empowered said receiver to operate and develop the properties, and sell oil therefrom, all subject to further orders of the court. The defendant was enjoined from interfering with the receiver. Complaining of said order, appellant has timely prosecuted this appeal.

Appellant contends that plaintiff's petition did not allege facts authorizing the appointment of a receiver. After alleging plaintiff's ownership of an undivided seven-eighths of the oil, gas, and other minerals in and under the land, and that defendant was in possession after ejecting plaintiff, the petition alleged as facts that there are two producing oil wells on the property; that oil is being produced therefrom; that the oil is being marketed; that plaintiff is entitled to the proceeds from the sale of said oil; that due to the entry of defendant on said land, and the claim he is making on it, the purchasers of the oil have refused to pay plaintiff for the oil and are now refusing to pay him for oil now being taken from said wells; that unless a receiver is appointed the funds now owing to plaintiff for oil which has been previously run will be lost, and the funds which will continuously become due him from day to day by reason of oil being taken and marketed from said producing wells will be lost.

Our statutes provide that a receiver may be appointed " * * * On the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured." We think the facts pleaded by plaintiff are sufficient to state a basis for the appointment of a receiver, as a legal remedy under the statute, and therefore it was unnecessary for plaintiff to plead the insolvency of defendant, or his nonresidence, or the inadequacy of legal remedy, as contended by appellant. Article 2293, subd. 1, R. S. 1925; Hunt v. State (Tex. Civ. App.) 48 S.W.(2d) 466.

Appellant also contends that the petition did not plead the pressing necessity justifying the appointment of a receiver without notice. The sworn petition alleged as facts that plaintiff is the owner of the property, that he has been ejected, that the oil is being produced and marketed daily, that payment therefor has been and is being refused him; that unless a receiver be appointed forthwith, moneys now owing for oil already sold will be lost to plaintiff, and "the funds which will continuously become due him from day to day by reason of oil being taken and marketed from said producing wells will be lost." The able trial judge who made the appointment has had a wide experience in oil field litigation in the locality where the property is situated. He considered the removal of the property under the circumstances pleaded a sufficient emergency to warrant the action taken. The ap-

pointment of a receiver is ancillary to the main suit, and serves the purpose of preserving the subject-matter pending final determination of the litigation. It may be vacated or dissolved at any time upon proper showing that the allegations upon which it was based are untrue, or in this case that the receiver is not needed to prevent the property being removed or lost. We are unwilling to say that in this case the trial court has abused the discretion which the law placed with it. Hunt v. State, supra; Richardson v. McCloskey (Tex. Civ. App.) 228 S. W. 323; Temple State Bank v. Mansfield (Tex. Civ. App.) 215 S. W. 154; Baptist Missionary Convention v. Knox (Tex. Civ. App.) 23 S.W.(2d) 781.

Appellant calls attention to the fact that this suit in trespass to try title was neither brought in the county where the land is situated, nor in the county where defendant lives. This is urged as an additional reason why the order appointing the receiver was improvident. The contention raises a question of venue, not one of jurisdiction, and is without merit as applied to the question here for determination.

The judgment of the trial court is affirmed.