## CASH et al. v. ERVIN et al.
No. 4505.

Court of Civil Appeals of Texas. Texarkana.
May 10, 1933.

Rehearing Denied June 24, 1933.

Fischer & Fischer, of Tyler, and A. A. Garrett, of Overton, for appellants.

W. Edward Lee, of Longview, and Wm. R. Watkins, of Fort Worth, for appellees.

JOHNSON, Chief Justice.

■ This is an appeal from an interlocutory order of the judge of the 124th district court of Gregg county, Tex., appointing a receiver, ex parte, of certain property involved in a suit pending in said court. The question presented by such appeal is the sufficiency of plaintiffs' petition upon which the appointment of the receiver was made. The plaintiffs, G. A. Ervin and W. Edward Lee, in substance, allege that they are the owners of certain undivided interests of an overriding royalty in the leasehold estate of a certain property described on which there is a producing oil well capable of producing more than 20,000 barrels per day, the working interest of which leasehold is in the name of the defendant G. A. Franklin, to whom it is alleged to have been fraudulently transferred by the defendant Theo Cash, both of whom are nonresidents of the state of Texas; that Cash and Franklin entered into a conspiracy with the other defendants to and in the past have run large quantities of oil from said well in excess of that amount provided by the rules and regulations of the Railroad

Commission termed the "allowable," and under which conspiracy the oil run above the allowable has not and is not being accounted for to the plaintiffs, and, by reason of which defendants have damaged the plaintiffs and are indebted to them in the sum of $30,000; that the defendants account to each other for said oil, but keep no records thereof upon which to account to plaintiffs, except the small amount termed the allowable, but that such oil above the allowable is being so converted by the secret schemes and devices fraudulently entered into by the defendants, and that by reason thereof plaintiffs' property has been, is now and will continue to be, misappropriated, destroyed and wasted; that the method of operating the lease in question by the defendants is such and will continue to be such that plaintiffs cannot ascertain and keep account of the oil produced, saved, and run from said premises and unlawfully converted by defendants; that the defendants have by-passes installed in said lease through which said oil in large quantities above the legal allowable is secretly run and lost to plaintiffs, and by reason of which plaintiffs' property is being depleted.

Plaintiffs further allege that the Attorney General of the state of Texas caused suit to be instituted against the defendants, Cash and those in charge of the lease, for the purpose of enjoining them from producing oil in excess of the allowable fixed by the Railroad Commission of Texas, and that, notwithstanding said injunction was entered against defendants, they in contempt thereof continue to produce oil in excess of such allowable, and are delivering the same to the possession of defendant Kilgore Refining Company, and with no intention of accounting therefor to plaintiffs. And, if permitted to continue the operation of said well, defendants will consistently and continuously waste and deplete the interest of plaintiffs by drawing off the oil therefrom and appropriating the proceeds thereof to their own use without accounting to defendant therefor, that the method and manner of operating said lease imperils the interest of plaintiffs, and constitutes and is such mismanagement thereof as to deprive the defendants of their rights to operate the same, and that without the protection of the court in appointing a receiver thereof the property and interest of plaintiffs will be wholly dissipated. By reason of the premises plaintiffs pray judgment for their debt and for the appointment of a receiver during the pendency of the proceedings.

Article 2293, R. S. 1925, authorizes the appointment of receiver in actions between partners or others jointly owning or interested in any property on application of the plaintiff or any party whose rights to or interest in the property or fund is probable, and where it is shown that the property or fund is in danger of being lost, moved, or materially injured. We are of the opinion that the allegations of plaintiffs' petition are sufficient to meet the requirements of this statute. Freeman v. Pierce (Tex. Civ. App.) 250 S. W. 778.

■ The matter of appointing a receiver without notice is committed to the sound discretion of the judge of the trial court, and, in the absence of a clear abuse of that discretion, the appointment will not be disturbed on appeal. From all the facts alleged in the petition, which on appeal are taken to be true, we are unable to say that the learned trial judge abused his discretion in appointing a receiver in this case without notice. Massey v. Greenwood (Tex. Civ. App.) 56 S.W.(2d) 1103; Friedman Oil Corp. v. Brown (Tex. Civ. App.) 50 S.W.(2d) 471.

The order of the trial judge is therefore affirmed.