**HURSEY v. HURSEY.**

No. 13124.

Court of Civil Appeals of Texas. Dallas.
Dec. 21, 1940.

Rehearing Denied Jan. 25, 1941.

G. Ray Lee and Thomas B. Ridgell, both of Dallas, for appellant. ·

House & House and Albert S. Reagan, all of Dallas, for appellee.

BOND, Chief Justice.

Ancillary to divorce suit between the Hurseys, a receiver was appointed over certain realty and this appeal is from denial of a motion to vacate the same upon hearing. The marriage of. the parties soon ended in violent discord and strife, according to pleading of appellee (plaintiff in the main suit) ; but prior thereto, as she alleged, defendant was possessed of considerable property, of which some four apartment houses, situated at different locations in suburban Dallas, appear of importance in this litigation. Upon allegations that she owned two of these properties by prenuptial written contract, a trial ensued in the case, resulting in judgment for plaintiff, which was, in due course, set aside by the trial court and a new trial ordered. Immediately thereafter, and on April 1, 1940, Mrs. Hursey petitioned for a receiver under voluminous pleading, generally asserting her ownership of aforesaid properties, rents and revenues, as well as a community interest in all revenues from defendant's other properties, though separate. She alleged a constant intermingling of rental collections from all apartments and diversion thereof to defendant's individual use; that a similar condition existed as to payment of taxes, interest and insurance premiums; that the chief properties were encumbered, the furniture thereof removable; and that a receiver was· necessary to properly manage the properties, collect and disburse their revenues, etc. Appellee also alleged inadequacy of legal remedy to protect her interest and rights of lien creditors; that the defendant was incapable of handling the apartments or keeping them rented, and that she feared he would injure, damage or encumber same if permitted to remain in charge. Defendant's sworn answer to such application · claimed all property as separate; a prudent and careful management, with no delinquencies in lien, tax or insurance payments; that no just cause for a receiver existed, but, on the other hand, such would be burdensome and likely to result in complete loss of all equities through foreclosure. No particular testimony was adduced at the time of the appointment, same being without notice; the court stating, however, that the action was taken on the basis of the evidence heard by it ,during the course of the preceding ten-day jury trial.

The motion to vacate was filed July 11, 1940, the original application being attacked as deficient in statutory or equitable grounds; of no imminent danger that the property would be lost or materially damaged; and that the receivership had already greatly harmed the assets, and income from rentals reduced; also agreeing to an injunction imposing necessary restraint, including regular report and account for all moneys collected, pending final trial. The motion to vacate was regularly heard, overruled, and appeal thereof expedited. Appellant's grounds of error in the transcript complain largely of the original appointment, insufficiency of the application, and its ex parte nature, as evidenced by his first assignment: "(a) The plaintiff does not clearly allege facts, which evidence immediate and pressing necessity for appointment of a receiver.

(b) The receiver in this cause being appointed ex parte and without notice to the defendant, and the petition not clearly showing such intimate and pressing danger of loss to the extent, that the purpose for having receiver would be frustrated by the lapse of a few days' delay, incident to the giving of notice of the application and therefore, the court further erred in appointing the receiver (in addition) on account of failure to give notice to the defendant."

His supporting propositions to other assignments are: (1) That plaintiff's pleadings and facts fail to disclose inadequacy of legal remedy, on the contrary, showing that complete relief could be afforded by mere injunction; (2) that lis pendens notices sufficiently prevented a disposition of any property, the facts not establishing insolvency of the defendant or mismanagement; (3) error in placing defendant's separate property in receivership; (4) the original appointment was unauthorized, in face of sworn answer thereto; (5) it was clearly shown that the estate had been handled to greater advantage and at less cost by defendant.

The order of appointment limited the receiver's powers to control of the property in suit, for the purpose of rental and collection of revenues, payment of current bills, and holding all receipts intact subject to further order; the court proceeding under Subd. 1, Art. 2293, Vernon's Ann.Civ.St., that a receiver may be appointed in an action between partners or others jointly owning or interested in any property or fund, "* * * on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured." A divorce suit being involved, the authority of Art. 4636 was also available, providing that: "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable." Under the latter statute alone, it is well settled that a court has broad powers and, on proper showing, a receiver may be appointed with or without notice or application. Crawford v. Crawford, Tex.Civ.App., 163 S.W. 115; Kinsey v. Kinsey, Tex.Civ.App., 77 S.W.2d 881; also see 95 A.L.R. p. 911, subject "Receiver's Appointment in Di-

vorce Suit." And it is equally clear that appellant's failure to appeal from the April 1st order appointing the receiver precludes him, in a later motion to vacate, from complaining of defects, if any, incident to the application, such as want of notice, or that the initial order was improvidently made. San Angelo Hilton Hotel Co. v. B. B. Hail Bldg. Corp., Tex.Civ.App., 60 S.W.2d 1049; Lauraine v. First Nat. Bank, Tex.Civ.App., 204 S.W. 1022; Dixie Cotton Machinery Co. v. Garber, Tex.Civ.App., 63 S.W.2d 895. Our courts further hold that pleading involving the above-quoted subdivision of the receivership statute, Art. 2293, need not show insolvency of defendant, inadequacy of legal remedy, or other equitable grounds; Temple State Bank v. Mansfield, Tex.Civ.App., 215 S.W. 154; Hunt v. State, Tex.Civ.App., 48 S.W.2d 466, 467; Massey v. Greenwood, Tex.Civ.App., 56 S.W.2d 1103. Appellant's remaining propositions go generally to the receiver's record of administration, as compared to his own before the appointment. Any criticism of the receiver's management is carefully avoided by Mr. Hursey as a witness, his proof tending to show that the estate could be made more productive under his own handling; and the status quo of the property and plaintiff's interest therein amply protected by ordinary process of injunction. In this connection, it must be borne in mind that plaintiff's action, both main and ancillary, is based on a connubial partnership now in course of disruption, but, in the inception, voluntarily entered into by the parties. Plaintiff asserts sole ownership to certain items of the estate and such espoused partner has undoubted claim to a present division of revenues from all property, whether separate or community. A civil forum being now called upon by both parties to sever this marital union, they must incidentally bear the burden of the court's assumption of property control, pending determination of all conflicting claims. In the situation thus created, this record lacks considerably of establishing an abuse of the court's discretion in granting and continuing the receivership; to the contrary, judicial zeal is demonstrated in the safeguarding of valuable property for whomsoever may be entitled thereto after final judgment in the main case.

The pleadings and facts are sufficient to warrant the court's prior interlocutory order, in view of its broad discretion touching the matters under review, and a judg-

ment overruling defendant's motion to vacate the proceedings in question must be affirmed.

Affirmed.