**ARNOLD MOTOR CO. et al. v. C. I. T. CORPORATION.**

No. 11230.

Court of Civil Appeals of Texas. Galveston.

March 6, 1941.

Rehearing Denied April 17, 1941.

Adams & Morgan and Kennedy & Granberry, all of Crockett, for appellants.

Fowler & Conn and Vinson, Elkins, Weems & Francis, all of Houston (Ralph L. Fowler and W. S. Elkins, both of Houston, of counsel), for appellee.

Lester Settegast, of Houston, for receiver, Neal Polk.

CODY, Justice.

On January 31, 1941, appellee, plaintiff below, filed this suit against appellants, defendants below. On the same day, without notice, the court upon the sworn allegations of the petition appointed Neal Polk as receiver to take possession of some certain eighty-five automobiles from defendants and to hold the same subject to the further orders of the court. On February 5, 1941, the receiver reported to the court the automobiles which he had taken into his possession under order of the court, and their condition and where he had stored them, and represented to the court that they were rapidly depreciating in value, and prayed for authority to sell the same which the court granted. On February 13, 1941, appellants gave notice of appeal under R.S. Article 2250; and thereafter obtained a temporary restraining order from this court prohibiting the sale by the receiver of said automobiles until the appeal attacking the validity of appointment of the receiver could be determined.

Appellants, who will hereafter be referred to as defendants, are dealers in automobiles in Houston County, and for years have used appellee's, i. e., plaintiff's, facilities in financing the sales of automobiles on credit by transferring to plaintiff the note and mortgage taken from a customer on the sale of an automobile to secure the unpaid portion of the purchase price. Since the court's order was made upon the sworn allegations of the petition it is necessary to set forth the substance of such allegations.

In paragraphs 1, 2, 3 and 4 of plaintiff's petition, various contracts under which plaintiff and defendants conducted their dealings with each other are pled. Paragraph 5 of the petition is not material on this appeal. In paragraph 6 it is alleged that in accordance with the written contracts pled in paragraphs 1, 2, 3 and 4 plaintiff purchased from defendants the notes and mortgages of various persons securing the payment of the unpaid purchase price on various automobiles, and said mortgages and notes are then listed and described in approximately fifty transactions.

In paragraph 7, plaintiff alleges that all of the automobiles described in paragraph 6 just referred to have been taken into their possession by defendants, and that defendants will not pay plaintiff the balance of the purchase price due on each automobile evidenced and secured by the said notes and mortgages, and likewise refuse to surrender said automobiles, but forcibly retain possession thereof. Plaintiff then alleges (in paragraph 8) that the separate and collective value of said cars are totally insufficient to pay off and discharge the money due thereon to plaintiff and that under R. S. Article 2293 the court has power to appoint a receiver because the security or property is in danger of being lost or removed, and further that the conditions of the various mortgages and notes aforesaid had not been performed.

In paragraph 9 plaintiff alleges a sale of an automobile on which there remained due $581.94, at the time defendants repossessed it, and that defendants then, contrary to their obligations, resold said automobile without paying plaintiff the unpaid part of the mortgage.

In paragraph 10, plaintiff alleges some thirty additional sales transactions on which it purchased from defendants the notes and mortgages taken to secure the unpaid purchase price, and alleges (in paragraph 11) that the automobiles described in paragraph 10 had been completely or partially destroyed in three separate fires. The pleading does not say that said automobiles had been repossessed and were in possession of defendants at the time of the fires, but the defendants seem to raise no point on this, and no doubt the pleader intended

this to be inferred. Plaintiff alleges said last mentioned automobiles were insufficient in value to secure the payment of the sums due plaintiff thereon.

In paragraph 11-A plaintiff alleges five wholesale chattel mortgages held by it from defendants; and in paragraphs 11-b and 12, plaintiff alleges that defendants sold two of said automobiles, describing them, on which it held defendants' wholesale chattel mortgages, and further alleges the right to accelerate the indebtedness due on the wholesale mortgages and alleges that $3,267 is due thereon.

In paragraph 15 plaintiff alleges that defendants owe $11,459.96 principal on account of the items alleged in paragraph 6. In paragraph 16 plaintiff alleges there is due on the automobiles alleged to have been injured by fire the sum of $8,434.94, less insurance which might be collected. Paragraph 17 sets forth that the plaintiff is entitled to the principal sum of $3,267 on the wholesale mortgages. (We have omitted paragraphs 14 and 18 as not being essential to an understanding of the issue here presented).

In paragraph 19 plaintiff alleges that the security described in the petition is wholly inadequate to secure the indebtedness due plaintiff thereon, and that a receiver should be appointed by the court to take possession of the automobiles, and same should be sold by the receiver under orders of the court.

In paragraph 20 plaintiff alleges a right to judgment for the various debts on the various contracts, mortgages and notes alleged in its petition.

The remaining two paragraphs, and the prayer of the petition will be here quoted:

"21. Plaintiff further alleges that the value of said automobiles above alleged are not of a sufficient amount, or amounts, to pay off and discharge the balance due and owing the plaintiff herein on an item for item basis or in a collective manner, and that all of said automobiles are not in Houston County, Texas, but are located in other counties as well, and it is impossible for this plaintiff to state that any particular car is in any particular county and in order to protect this plaintiff's right and the security above alleged, such receiver should be appointed to take possession of such property above alleged and hold same subject to the orders of this court.

"22. Plaintiff further alleges that it is entitled to a judgment on the balance due on said contracts above alleged and for foreclosure of its various mortgage and contract liens, and inasmuch as the said defendants endorsed said contracts and notes with recourse, and further primarily obligated themselves on such wholesale items above alleged, and because of such it is entitled to a personal judgment for the full amount of the indebtedness due and owing to it, under the terms and conditions of the written contracts, notes, mortgages, etc., particularly plead herein; that further it is entitled to a foreclosure of its various mortgage liens and the proceeds of said insurance policies above referred to and further alleges that it is entitled to the actual possession of the various automobiles above described herein, as the said defendants were acting as agent for this plaintiff in taking possession of said property; that it has elected to mature all of said contracts in accordance with the various terms thereon; and that said mortgage liens above referred to are valid, subsisting and binding liens on the various automobiles described in each particular instance.

"Wherefore, premises considered, plaintiff prays the court that a receiver be appointed immediately to take actual charge of the above described property and hold same subject to the orders of this Court, and that said various liens be foreclosed, or in the alternative that it have possession of the above described automobiles, or in the alternative that said property be sold under the orders of this Court, and that said defendants be cited to appear and answer herein and on hearing that the judgment be rendered against the said defendants, and each of them for the amount due and owing by them under the terms of the various contracts and notes above alleged to the said plaintiff, for costs of court, interest and attorney's fees, and such other and further relief in law and in equity, special and general, that it may be justly entitled to."

Appellee contends that, under the provisions of R. S. Article 2293, the allegations of its pleading sustain a legal right to have a receiver appointed, under such authorities as Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217 and Massey v. Greenwood, Tex.Civ.App., 56 S.W.2d 1103. Appellee contends also that its contracts

with appellants give it the right to possession of all automobiles repossessed by appellants, and that when appellants refused to surrender possession to appellee this alone gives appellee the legal right to invoke the power of the court to appoint a receiver to take possession of same. Conceding this to be true, it is also true that whatever legal right appellee may have to the appointment of a receiver to take possession of automobiles which appellants have repossessed must be exercised in conformity with the principle underlying all administration of justice, which is that no proceeding shall take place in court affecting the rights of anyone without affording him an opportunity to be heard. And the owners of the repossessed automobiles, the mortgagors, have not been made parties to this suit. It is not asserted in appellee's petition that the mortgagors' rights in the various automobiles which have been repossessed by appellants have been foreclosed, and it is clearly implied that these rights have not been foreclosed. Such mortgagors, such owners, are necessary parties to any suit to have their rights foreclosed, and of course are also necessary parties to a proceeding to have their property placed in the hands of a receiver. Failure to make necessary parties presents fundamental error which the parties litigant cannot waive, and of which the court must take cognizance sua sponte at any stage of the proceedings, and correct, not for the benefit of the parties to the action, but for the benefit of the parties whose interest will be injuriously affected, and who are not before the court. The rights of such parties cannot be waived by the parties litigant, and should the attempt be made so to do, the court must not permit it by refusing to proceed to judgment. Needham v. Conney, Tex.Civ.App., 173 S.W. 979, writ refused. It was therefore fundamental error apparent upon the face of the record for the court to have appointed a receiver to take charge of automobiles belonging to owners (whose rights remained unforeclosed), who were not parties to the action. And the order appointing a receiver to take possession of the automobiles which had been repossessed by appellants is erroneous, and to the extent said order appointed a receiver to take possession of the automobiles which had been repossessed by appellants (the owners of which were not made parties to the suit), such order should be vacated, set aside, and annulled; but without prejudice, should appellee amend its pleadings to bring the necessary parties in.

A different situation applies with reference to the "wholesale mortgages". It was within the power, and the allegations of the petition make out a case within the discretion, of the trial court to appoint a receiver to take possession of the automobiles subject to the wholesale mortgages. Massey v. Greenwood, supra, and cases there cited. Two of the automobiles subject to the "wholesale mortgages" appear, from the allegations in paragraph 11-B of the petition to have been wrongfully sold. The remainder of the said automobiles are described in paragraph 11-A. The order, insofar as it appointed a receiver to take possession from appellants of the automobiles subject to the "wholesale mortgages", appears to be entirely within the power of the trial court, and appellants have advanced no proposition which touches on such action.

The court's order appointing a receiver to take possession of the automobiles which had been repossessed by appellants, which are all the automobiles, except those which were covered by the "wholesale mortgages", is vacated and annulled; but said order is affirmed as to the automobiles which were covered by the "wholesale mortgages", and which were unsold at the time the order was issued, being further identified as those listed in paragraph 11-A of appellee's pleading, with the exception of the last two which are alleged to have been wrongfully sold.

The judgment here rendered makes the temporary restraining order heretofore issued by this court functus officio.

Reversed without prejudice in part and in part affirmed.