**Jack O. F. GUNTHER, Appellant,**

v.

**Daisy K. GUNTHER, Appellee.**

No. 15056.

Court of Civil Appeals of Texas. Dallas.

Oct. 14, 1955.

Rehearing Denied Nov. 10, 1955.

Louis Wilson, Dallas, for appellant.

McKool & Bader, Dallas, for appellee.

YOUNG, Justice.

The appeal is from an order appointing a receiver of property allegedly owned by the parties in this a pending suit for divorce. The appointment followed a hearing therefor on June 27, 1955.

Jack Gunther advances some fifteen points of error, which of necessity must be summarized: (1) Receiver's failure to execute bond as required by Rule 695–a, T.C.P.; (2) plea of res adjudicata, to effect that a prior 14th District Court application for receivership had been denied on like allegations; (3) a considerable part of the property included in receivership order was separately owned by defendant; in particular, a Western Union pension of $83.76 per month; the court being authorized to undertake, in a divorce action, only the administration of community property; (4) insufficient allegations or proof of necessity for a receiver, as no showing was made that the community assets were in danger of being lost, removed, or materially injured; and the evidence was likewise insufficient to justify the order upon any statutory or equitable ground; (5) under the evidence, adequate relief may be had through lis pendens and injunction; (6) it was established upon the hearing that defendant husband had managed the property in a prudent and proper manner; also that plaintiff wife had already received alimony payments to the amount of $7,400 and use of the largest house; and undisputedly on final divorce there will be ample community and separate property to protect her against loss.

The main suit, of which the instant appeal is ancillary, reflects protracted marital differences and dissensions; appellee since 1951 having sought a separation and division of property. Three actions have been filed in as many courts; and of the two jury hearings had in this (the 101st District), a mistrial first resulted and upon the trial of December 13, 1954, a decree of divorce was denied to Mrs. Gunther upon jury findings. In the judgment rendered thereon, however, plaintiff's alimony payments of $35 per week were continued in force; as also was the restraint against Gunther from disposing of or encumbering the described property. Further included therein was a judgment against appellant of $3,850 to the wife in nature of attorney's fees.

The parties were married in 1918, value of community property involved according to plaintiff Mrs. Gunther, in excess of $80,000; according to defendant, considerably less, by reason of his claim of a separate estate. It is admitted that Mrs. Gunther has had use and occupancy of 3105 Ouida Place; also has received more than $7,400 in alimony payments since beginning of court proceedings in 1951. There are no children born as a result of this marital union.

The appointment of receiver was of date June 29, 1955, and promptly superseded by appellant who challenges its validity on grounds above stated; principally complaining of insufficiency of evidence to support this judicial seizure of property, over which under the law the husband is given full management and control. Gunther was rather fully examined by plaintiff's counsel concerning his handling of the rental properties over the period of litigation; also as to accuracy of inventories and appraisements filed by him, reflecting an increase of separate property listed in successive sworn statements. Mr. Gunther generally and rather convincingly defended his management of the property; in effect, that the total rentals per month did not exceed $405; both parties being allowed to draw as living expenses the sum of $35 per week, totaling $300 per month; with balance of revenues going to necessary improvements, repairs, taxes, insurance, and payment on first lien of $2,500.

But Art. 4636, V.A.C.S., has been construed to invest the District Judge with ample power in a proceeding for divorce

and during pendency thereof, relative to the administration of their property. See Annotations to Art. 4636, V.A.C.S., note 4; and a grant of receivership may be made to include property claimed as separate. Hursey v. Hursey, Tex.Civ.App., 147 S.W. 2d 968. The cited statute reads: "Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable."

 As regards a prudent management of the subject property by appellant during the past four years, the evidence rather preponderates in his favor. Nor does there appear any issue raised of probable loss, removal, or material injury (waste). Nevertheless, we are not prepared to say that the order in question was one beyond the trial court's inherent powers. The litigation has already extended into various chapters; and unless the parties undergo a radical change of attitude, a final judgment herein comprehending division of the property does not appear imminent to say the least. It may be that the judicial step taken was to facilitate this desired end; also from standpoint of court, that the rights of appellee will be better subserved by direct supervision over the considerable property through a competent and entirely disinterested official. As illustrative of the court's broad discretion with respect to grant of the instant order pending the suit for divorce, such an appointment was upheld by the Galveston Court in Shaw v. Shaw, 51 Tex.Civ.App. 55, 112 S.W. 124, on the wife's affidavit alone, countered by that of the defendant Shaw; the same being considered a sufficient showing in such connection. See also Kinsey v. Kinsey, Tex. Civ.App., 77 S.W.2d 881, and Jones v. Jones, Tex.Civ.App., 211 S.W.2d 269.

 The remaining points, though carefully reviewed, will be given a rather categorical answer: (1) In a case of divorce, it is discretionary with the trial court whether to require bond of a receiver; Lotz v. Lotz, Tex.Civ.App. 185 S.W.2d 481. (2) Appellee's allegations were sufficient support for appointment of a receiver. In-

deed the Court, already having full knowledge concerning the parties and property, was empowered to grant the relief even without an application, Hursey v. Hursey, supra; and a receiver may be deemed necessary additional to injunctive relief or lis pendens. Shaw v. Shaw, supra. (3) The defense of res adjudicata is untenable. The prior 14th District Court suit between the parties was one for partition only, not including the necessary predicate of a divorce action. Aside from that, the earlier prayer for receivership appears as not ruled upon, rather than denied. See order of Judge Hughes, pp. 79–80, Statement of Facts.

All points of error are accordingly overruled and judgment of the trial court affirmed.