Jack O. F. GUNTHER, Appellant,

v.

Daisy K. GUNTHER, Appellee.

No. 15210.

Court of Civil Appeals of Texas. Dallas.

Feb. 1, 1957.

Rehearing Denied March 8, 1957.

Louis Wilson and J. Lee Zumwalt, Dallas, for appellant.

McKool & Bader, Dallas, for appellee.

YOUNG, Justice.

The present suit was initially for divorce and division of property, filed by Daisy K.

Gunther against Jack O. F. Gunther on September 10, 1954, and was pending at time of her death on November 15, 1955. Thereafter James W. Dorff, son by a former marriage, became independent executor of her estate and, upon suggestion, was substituted as party-plaintiff and the cause ordered to proceed in his name. Dorff, executor, then filed motion to dismiss the cause, for costs of court and reasonable attorney's fees for services rendered by attorneys on behalf of Mrs. Gunther; also for allowance of fee to a receiver appointed pendente lite. Said motion was duly answered and heard before the court; the main issue concerning amount of award to said attorneys, Messrs. McKool and Bader; the court fixing the fee at $5,850 along with dismissal of cause, from which court ruling the appeal is taken.

No receivership fee was allowed on grounds stated in the judgment; and see Gunther v. Gunther, Tex.Civ.App., 283 S.W.2d 826, for further factual background to this rather strenuous litigation. The cited case discloses a 1954 jury trial, and judgment thereon denying Mrs. Gunther a divorce; the court allowing her $3,850 as attorney's fees upon jury answers, then granting a new trial; the controversy having such latter status at time of petitioner's death.

■ Appellant's eighteen points of error are inclusive of basic questions of law, in substance: (1) That on death of plaintiff, her personal action for divorce abated with loss of the court's jurisdiction over all matters incidental thereto, such as attorney fees; and (2) alternatively, that the main case has long been on the jury docket, appellant having right to a jury trial of all issues of fact raised in said motion to dismiss the cause; such as good faith and probable cause on part of the wife as prerequisite to establishment of a reasonable attorney's fee in a divorce action. Appellee in reply brief does not discuss either of these propositions.

"Death of either party prior to entry of divorce decree withdraws subject-matter of litigation from jurisdiction of court, so that decree of divorce entered after death of either party is void." Blain v. Broussard, Tex.Civ.App., 99 S.W.2d 993, syl. 5. "In accordance with the rule that the death of either party abates proceedings as regards counsel fees, * * * upon the death of the husband it has been held that the court thereafter has no authority to award counsel fees, and that where the wife was plaintiff a refusal to make an allowance for fees of her counsel is proper. Under particular circumstances, however, it has been held that there may be an allowance for counsel fees after the death of the husband. *It has also been held that as regards counsel fees which have been earned at the time of the wife's death the amount of allowance may be ascertained and fixed after such death.*" 27 C.J.S., Divorce, § 221, p. 917. (Emphasis ours.) Fact situations involving the principles of law just above quoted have not been passed upon by the Courts of this State, but in other jurisdictions the doctrine has been more generally applied to claims for counsel fees by the wife as petitioner against defendant husband who dies pending the action for divorce; McCurley v. McCurley, 60 Md. 185, 45 Am.Rep. 717. See also 104 A.L.R., Annotations, p. 667. Conversely, the emphasized part of this quotation from C.J.S. has been followed by courts of various States; in other words, that death of the wife does not take from the divorce court its power to award attorney's fees which have been earned. See Briggs v. Briggs, 215 N.C. 78, 1 S.E.2d 118; Greer v. Greer, 110 Colo. 92, 130 P.2d 1050.

"* * * where the wife brings or defends a suit for divorce in good faith and on probable cause, her reasonable attorneys' fees are properly chargeable against the husband as a necessary expense incurred in protection of a right given her by law; Speer, Marital Rights, 3d Ed., sec. 638, p. 796; Howard v. La Coste, Tex.Civ. App., 270 S.W. 181; recoverable either in

the main action by the wife or independently by her attorneys upon appropriate allegations and proof. Jacks v. Teague, Tex. Civ.App., 136 S.W.2d 896." Roberts v. Roberts, 193 S.W.2d 707, 709.

In the case at hand we may take judicial notice of the fact that substantial attorney's fees had been earned by counsel on behalf of Mrs. Gunther prior to her death. Note, for example, the jury trial of December 1954, where the amount of $3,850 was fixed by the jury as then due, followed by two receivership appeals; Gunther v. Gunther, supra, and Gunther v. Dorff, Tex.Civ.App., 296 S.W.2d 638; becoming in effect a matured and legal claim that survived to her personal representative.

But the main action here had long since been pending on the jury docket and appellant unquestionably had a right to trial by jury on the issues of fact raised by this motion seeking a final dismissal of cause. His point 2 complaining of error in such respect must be sustained. Above conclusion renders unnecessary a discussion of remaining points of appeal. Reversed and remanded for another trial.

#### On Rehearing.

Both parties have filed motions. For the reasons given in appellant's motion, the statement in original opinion that "we may take judicial notice of the fact that substantial attorney's fees had been earned by counsel on behalf of Mrs. Gunther prior to her death" is hereby withdrawn. We agree that the remaining issue of attorney's fees should be determined solely on the evidence introduced before the jury on another trial.

Appellee's motion discusses only the jury fee paid by appellant on April 23, 1956; trial to the court then proceeding to a conclusion on April 25; judgment fixing the attorney fees at $5,850 and dismissal of cause being dated May 1, 1956. Certainly the eminent trial judge was acting well within his discretion under Rule 216, Texas Rules of Civil Procedure, in re-

fusing a jury trial on basis of the fee as tendered on eve of trial. But, as pointed out in original opinion, plaintiff's cause of action on all phases had been one for a jury determination since 1954, rendering unnecessary any further deposit for purpose of a jury trial on aforesaid issue of attorney's fees.

Otherwise than as above stated, the motions in question are each overruled.