William H. ELLMAN et al., Appellants,

v.

Rochette REINARZ, Administrator of the Estate of J. L. Baldus, Deceased, Appellee.

No. 11289.

Court of Civil Appeals of Texas.

Austin.

May 5, 1965.

Rehearing Denied May 26, 1965.

---

Benjamin Shefman, New Braunfels, for appellants.

Richard A. Jasinski, New Braunfels, for appellee.

HUGHES, Justice.

This appeal is from an order, made without notice or bilateral hearing, appointing a receiver to take charge of the New Braunfels News, a newspaper business, located at 278 W. San Antonio Street in New Braunfels, Texas.

Rochette Reinarz, Administrator of the Estate of J. L. Baldus, deceased, filed suit in the court below against William H. Ellman and wife, Elizabeth Ellman, John Taylor, George Stein, Ray Mauer and the New Braunfels Publishing Company, Inc., to recover the balance due on a note executed May 20, 1958, by Mr. and Mrs. Ellman for $18,000.00 payable in monthly installments to plaintiff, appellee herein, for attorney's fees, interest and costs and for foreclosure of a chattel mortgage lien given to secure payment of such note on "The assets and good will of the weekly publication known as Town and County News, including the following listed items:" here follows a list of office and newspaper furniture and equipment.

Appellee alleged that the Ellmans entered into an agreement with the other individual defendants whereby the newspaper business of the Town and County News was converted into the New Braunfels Publishing Co., a corporation solely owned by the individual defendants.

Appellee also alleged a default in his note of $5,100.00, the default commencing with the installment due April 15, 1963 and continuing through the installment due August 15, 1964. Acceleration of the balance due, as authorized by the note, was declared.

The specific allegations upon which the ex parte appointment of the receiver is based are:

"Plaintiff further shows that, according to his information and belief, the defendants; corporation is insolvent and the defendants are unable to finance and otherwise carry out and perform their said obligations in connection with this business and to pay this plaintiff the amount due him. Plaintiff shows that he had no adequate remedy at law by which to collect the amount due to him by defendants, and that he will suffer irreparable injury by reason of facts set forth unless the properties of the defendants are taken in charge of a receiver and operated under his supervision and direction. Plaintiff states that a continuity of this newspaper business is of necessity, that

contractual obligations are owing to the subscribers thereof and others, and there exists a necessity of keeping and retaining the good will of the community as a whole, which is necessary and peculiar to the newspaper business; that plaintiff knows personally that the newspaper will not be able to publish a copy this week unless a receiver is immediately appointed.

"Plaintiff also shows the court that the necessity for the appointment of such receiver is immediate and urgent and that such appointment should be made without any delay whatsoever."

Appellants have four points of error which are to the effect that under the pleadings it was error for the court to appoint a receiver without notice.

Appellants cite Marion v. Marion, Tex. Civ.App., 205 S.W.2d 426, San Antonio, n. w. h., and other cases for the rule that the "Appointment of a receiver without notice to the adverse party is one of the most drastic remedies known to the courts and should be exercised only in extreme cases, where the right thereto is clearly shown, and then in the exercise of great caution by the court."

Art. 2293, Vernon's Ann.Tex.Civ.St., provides, in part that receivers may be appointed in cases where a corporation is insolvent and in actions "by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured. * * * "

It is our opinion that the trial court had discretionary authority under either or both of these statutory provisions and the allegations of the petition to appoint a receiver of the newspaper business of appellants.

It is quite true that insolvency of a corporation alone will not justify the appointment of a receiver for the corporation without notice but insolvency coupled with a situation creating an emergency does authorize the appointment without notice. See Texas Mexican Ry. Co. v. State, Tex. Civ.App., 174 S.W. 298, San Antonio, n. w. h.

The emergency here, as disclosed by the pleadings, was that unless a receiver was appointed to operate the newspaper business of appellants that the newspaper would not be published for the current week.

It is to be noted that the mortgage which appellee held to secure his debt was not merely on certain chattels used in the operation of a newspaper but was on the "assets and good will of the weekly publication known as the Town and County News" including specific articles. Part of the assets of any business, particularly a newspaper business, is its value as a going concern. This asset would be lost if the paper ceased publication as appellee alleged it would.

The asset of "good will," expressly included in the mortgage, would be greatly impaired, if not lost, by appellants' inability "to finance and otherwise carry out and perform their said obligations in connection with" the newspaper business as alleged.

Considering that a newspaper has other assets such as subscriptions and advertising accounts which might be lost if publication of the paper was suspended, we are of the opinion that the trial court did not abuse his discretion in appointing a receiver, without notice, to take charge of the affairs of the newspaper business of appellants. We add only that no complaint is made that adequate security has not been posted by appellee and the receiver.

Appellee has filed a supplemental transcript containing matters not before the trial court and, hence, not before this Court. The cost thereof is assessed against him. All other costs are assessed against appellants.

The judgment of the trial court is affirmed.

Affirmed.