**COLLEGIATE RECOVERY & CREDIT ASSISTANCE PROGRAMS, INC., et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 5460.

Court of Civil Appeals of Texas, Waco.

June 26, 1975.

Matthews, Matthews, Sechrist & Madrid, Jay J. Madrid, Dallas, for appellants.

Henry Wade, Dist. Atty., Charles Yett, Asst. Dist. Atty., Dallas, John L. Hill, Atty. Gen. of Texas, Bill Flanary, Asst. Atty. Gen. of Texas, Austin, for appellee.

HALL, Justice.

The State of Texas brought this suit by way of a verified petition against Collegiate Recovery And Credit Assistance Programs, Inc., and Arnold G. Tate and Carolyn Tate, seeking a temporary restraining order without notice and the appointment of a receiver without notice, a temporary injunction, a permanent injunction, forfeiture of the charter of the corporate defendant, and the assessment against the defendants of certain civil penalties. When the suit was filed, the court issued a restraining order and appointed a receiver, upon the sworn pleadings of the State, without notice to the defendants. This appeal was perfected to question only the appointment of the receiver. We affirm.

The State alleges in its petition that the individual defendants are officers of the corporate defendant; that the defendants are violating the Texas Deceptive Trade Practices And Consumer Protection Act, V.T.C.A., Bus. & C., Sec. 17.41 et seq., in the operation of the company's business as a collection agency under contracts with various educational institutions whereby the defendants are employed to collect money owed to the institutions on past due educational loans made to students and former students by the institutions; that the defendants have been engaged in and are engaged in a conspiracy and common plan and scheme designed to mislead, deceive and defraud the educational institutions, the debtor-students, and federal agencies which guarantee some of the loans, (a) by using and misrepresenting actual and fictitious names in their collection practices, (b) by representing to debtor-students that funds collected from them are properly forwarded to the proper institution for proper credit when this in fact is not done, and (c) by converting the funds collected to the defendants' corporate and personal use; that the defendant corporation is insolvent or in imminent danger of insolvency; that the defendants have so intermingled the funds in their financial records and business activities that irreparable injury, loss and damage will result to the State of Texas, the general public and to the United States Government if the defendants are permitted to continue these activities; that it is feared that the defendants will destroy records relevant to this lawsuit; and that a receiver should be appointed without notice to take charge of and preserve and protect the records and property and assets of the company and of the individual defendants insofar as they pertain to company business.

The matter of appointing a receiver without notice is addressed to the sound discretion of the court, and, in the absence of a clear abuse of that discretion, the appointment will not be disturbed on appeal. *Cash v. Ervin,* (Tex.Civ.App.—Texarkana, 1933, no writ hist.) 62 S.W.2d 242, 243; *Corsicana Hotel Company of Texas v. Kell,* (Tex.Civ.App.—Dallas, 1933, no writ hist.) 66 S.W.2d 760, 761.

Art. 2293, Vernon's Tex.Civ.St., authorizes the appointment of a receiver in several situations, including "cases where a corporation is insolvent or in imminent danger of insolvency" and "all other cases where receivers have heretofore been appointed by the usages of the court of equity." While it is true that insolvency alone of a corporation will not justify the appointment of a receiver without notice, the insolvency coupled with a situation creating

an emergency does authorize the appointment without notice. *Ellman v. Reinarz,* (Tex.Civ.App.—Austin, 1965, writ dism.) 390 S.W.2d 519, 521. The emergency, here, according to the facts pleaded (which we must assume to be true for the purpose of our review) was that money illegally collected by the defendant corporation which should have been used to pay student loans guaranteed by the Federal Government were being intermingled with the private funds of the individual defendants and then converted by them to their private use, in a fraudulent and misleading manner that was calculated to cause irreparable injury and loss to the State of Texas, the Federal Government and the public generally. Additional pleadings expressed the belief that, if given notice of the application for a receiver before the appointment, the defendants would have destroyed pertinent records of their deception.

It is our view that the facts alleged by the State authorized the ex parte appointment of a receiver, at the court's discretion, either on the basis of the corporate defendants' insolvency or under the broad usages of equity. The order is affirmed.