IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

August 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

CHARLES CLAY YOUNG,      )
                                      )

     Plaintiff/Appellant      )   01A01-9902-CV-00105
                                      )

                                      )

vs.                                 )
                                    )   Appeal As Of Right From The
LOUISE JOHNSON, TOY YOUNG,   )   WHITE COUNTY CIRCUIT COURT
and HUBERT BARR,          )

                                      )

     Defendants/Appellees.     )   HONORABLE JOHN A. TURNBULL

**For the Appellant:**

CHARLES CLAY YOUNG
Pro Se

**For the Appellees:**

LYNN O. SPARKMAN
Sparta, Tennessee

AFFIRMED AND REMANDED                         Swiney, J.

## OPINION

Plaintiff filed a pro se complaint ["Torts Suit"] for damages suffered as a result of Defendants' removal of a dwelling he constructed on Young-Graham family cemetery property, and for back wages as a maintenance worker at the cemetery and punitive damages. The Trial Court, after consideration of the pleadings and Affidavits filed by the parties, entered an Order granting the Defendants summary judgment, which judgment the Plaintiff appeals. The appeal was submitted on briefs and addressed only the Defendants' removal of the dwelling the Plaintiff constructed on cemetery property. For the reasons herein stated, we affirm the Trial Court's dismissal of the Plaintiff's complaint.

In this appeal, the plaintiff raises two issues: (1) whether the Trial Court erred in granting the defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment

1

and, (2) whether the Trial Court erred in dismissing Plaintiff's suit in light of the Plaintiff's motion to place his case on a continuous docket until his future release from the Tennessee Prison system.

**FACTS**

The Young-Graham Cemetery has been an established family cemetery in the same location for approximately one hundred years. Until 1997, the cemetery property had not been separated by separate deed for the cemetery but rather was a portion of the property owned by Bobby Rhellon Howard and Louise Howard since 1997 and 1956.

The Plaintiff alleged that in 1979 his father, Benjamin Franklin Young, then overseer of the Young-Graham Cemetery, gave him permission to build a house on cemetery property, "in case of vandalism to the said property." In turn, he agreed to live in the house and was to be paid $50.00 each month for providing security to the cemetery.[1] He built the house with his own funds and lived there until the structure burned in 1983. He rebuilt it in 1986 and lived there until he was sent to prison in 1994, when he left the house in the care of his brother, Ben Young, Jr., to whom he gave permission to find a renter for the house.

In Plaintiff's absence and apparently without his knowledge, a charter for Young-Graham Cemetery Association was adopted on September 24, 1996. Notice from the Secretary of State shows that incorporation was effective the following day. The registered agent was listed as Toy Young, Plaintiff's cousin.

On August 26, 1997, Bobby and Louise Howard transferred their interest in the Young-Graham Cemetery property to the Young-Graham Cemetery Association, Inc., by quitclaim deed prepared by Jim Camp, attorney for the Cemetery Association, who then wrote to the Plaintiff in October 1997, and informed him that his house must be removed from cemetery property within 60 days:

> The taxes on this house are in arrears and the Association has received notice from the county that the property will be sold if those taxes are not paid. Furthermore, the house has been rented and is being occupied in controvention [sic] of the County Heath Department rules concerning the necessity of a properly approved and installed septic tank and field lines. You, of course, have no property upon which to install such septic and field lines. Furthermore, the renters in the house are abusing the cemetery property with their vehicles and their animals.

---

[1]He was never paid for security duties.

Plaintiff replied by letter of October 29, 1997, that he was willing to sell the house for $17,500.00, which he considered to be fair market value, plus $10,800.00, which he estimated to be owed to him as unpaid monthly salary at $50.00 per month. He further advised:

> You can convey this to the people that spoke to you on this matter, and if they are not in agreement with this offer of settlement, then they must take the proper court action before they attempt to alter the 1979 agreement, or try to move any property from the site of the Young/Graham Cemetery.

In June 1998, Plaintiff received a copy of the Howard quitclaim deed and was told by family members that the house he built had been taken down and removed from cemetery property, whereupon he filed this suit on August 3, 1998, along with a "Motion to Place Case on Continuous Docket."

On September 16, 1998, Defendants filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment,[2] asserting that:

> There are no genuine issues of material fact for trial and Plaintiffs' case should be dismissed as a matter of law. In support of this Motion, Defendants aver that the Plaintiff has no legal title or interest in the Young-Graham Cemetery Property, that his previous use of said property was in contravention of law and not respectful of the memory of the dead, and that he was given adequate notice to remove his personal property from the Cemetery property.

On December 18, 1998, the Trial Court heard and granted Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, which is now before this Court on appeal.

### DISCUSSION

Summary judgment is appropriate if a party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "Thus, the issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial." *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn. 1993). Since our review of the Trial Court's grant of summary judgment is a question of law, our review is de novo with no presumption of correctness attaching to the Trial Court's judgment. *Eyring v. Fort Sanders Parkwest Med. Cen.,* 991 S.W.2d 230, 236 (Tenn. 1999).

---

[2]With their motion, the defendants filed a June 1998 Delinquent Tax Sale Notice which shows unpaid personal property taxes for the year 1995.

In our review of the record to determine whether summary judgment requirements were met, ". . .we must view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor." *Id.*

Plaintiff contends that there are geninune issues of material facts requiring a trial. Some of these are indeed "facts" and some are instead conclusions drawn by the Plaintiff.

Plaintiff argues that the resolution of any or all of these issues of fact in his favor would establish Defendants' liability for the removal of his house from the cemetery property. Plaintiff's argument fails because those facts which he contends are disputed are not material to the outcome of this case. Implicit in the Plaintiff's reasoning is the assumption that he had a right to be there in the first place. However, the undisputed fact is that the property has been used as a family cemetery for over one hundred years.

> When land has been definitely appropriated to burial purposes, *it cannot be conveyed or devised as other property*, so as to interfere with the use and purposes to which it has been devoted. When once dedicated to burial purposes, and interments have there been made, the then owner holds the title to some extent in trust for the benefit of those entitled to burial in it, and the heir at law, devisee, or vendee takes the property subject to this trust. The right of burial extends to all descendants of the owner who devoted the property to burial purposes, and they may exercise it when the necessity arises. *Hines v. State,* 126 Tenn. 1, 149 S.W.2d 1058, 1059 (1911) [emphasis added].

There is no dispute as to the material and determinative facts in this case. The land involved had been appropriated for burial purposes and had been used as the family cemetery for over one hundred years. As the Plaintiff was incarcerated, he could no longer provide any caretaker services. It is undisputed that he was given notice that his house must be removed from the cemetery property. After the Plaintiff did not remove the structure, the Defendants removed it. The land had been appropriated for burial purposes. It could not have been conveyed to the Plaintiff by his father for use as a homestead.

This Court has previously held that recovery for mistaken improvements to land is contingent upon the presence of four elements: (1) permanent improvements; (2) possession; (3) good faith; and (4) color of title. *Uhlhorn v. Keltner,* 723 S.W.2d 131, 137 (Tenn. App. 1986). Plaintiff is not in possession. It is undisputed that he did not build the dwelling under color of title. ("At no time has this Plaintiff alleged that he had adverse possession or superior possessory rights

4

over the Young-Graham Cemetery Property.") At most he argues that his father gave him permission to build there. He never claims he was given any ownership interest. Having failed to satisfy the necessary four elements for recovery, he cannot, as a matter of law, prevail.

The Plaintiff contends that the Trial Court erred in refusing to maintain his case on a continuous docket during his period of imprisonment. This Court has previously addressed this issue. When a case is before a Trial Court on a motion for summary judgment and the cause is not to the point of trial, Plaintiff's personal attendance is not required because his testimony can be presented to the court via deposition or affidavit, and he has sufficient means of conveying his arguments to the court via memoranda. *Moffitt v. Smith,* No. 02A01-9705-CV-00095 (Tenn. Ct. App. Jackson February 23, 1998). Plaintiff did submit to the Trial Court both his Affidavit and his written reply in opposition to the Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment.

## CONCLUSION

The judgment of the Trial Court is affirmed and the cause remanded to the Trial Court for such further proceedings, if any, as may be required, consistent with this Opinion, and for collection of the costs below. Costs on appeal are adjudged against the appellant.

_____
_____D. MICHAEL SWINEY, J.__
CONCUR:


_____
HOUSTON M. GODDARD, P. J.


_____
CHARLES D. SUSANO, JR., J.

5